**SPO**
GORDON SILVER
ERIC OLSEN
Nevada Bar No. 3127
E-mail: ero@gordonsilver.com
JOEL Z. SCHWARZ
Nevada Bar No. 9181
E-mail: jschwarz@gordonsilver.com
DYLAN T. CICILIANO
Nevada Bar No. 12348
E-mail: dciciliano@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Fax: (702) 369-2666
Tel: (702) 796-5555

LAW OFFICE OF GLENN WARD CALSADA
GLENN WARD CALSADA
California Bar No. 134589
*Admitted Pro Hac Vice*
Email: glenn@calsadalaw.com
9924 Reseda Boulevard
Northridge, CA 91324
Tel: (818) 477-0314
Fax: (818) 473-4277

BROWNSTEIN HYATT FARBER SCHRECK
KIRK LENHARD
Nevada Bar No. 1437
Email: KLenhard@BHFS.com
ALISA NAVE-WORTH
Nevada Bar No. 9272
Email: ANave-Worth@BHFS.com
100 N. City Parkway, #1600
Las Vegas, NV 89106
Tel: (702) 464-7045
Fax: (702) 382-8135

*Attorneys for Defendant/Counterclaimant 26 Flamingo, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR COMMUNITY BANK OF NEVADA,<br><br>Plaintiff,<br><br>vs.<br><br>26 FLAMINGO, LLC; OUTBACK STEAKHOUSE OF FLORIDA, LLC, a Foreign Limited Liability Company; DOE INDIVIDUALS 1 through 10; and ROE CORPORATIONS 1 through 10,<br><br>Defendants. | CASE NO. 2:11-cv-01936-JCM-RJJ<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**AS MODIFIED**<br>**(Paragraph 18)** |

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1802389

1 of 12

1. Pursuant to Federal Rule of Civil Procedure 26(c), Defendant/Counterclaimaint 26 FLAMINGO, LLC ("Defendant"), by and through counsel, the law firms of Gordon Silver; Brownstein Hyatt Farber Schreck; and the Law Offices of Glenn Ward Calsada, and Plaintiff/Counterdefendant Federal Deposit Insurance Corporation, as Receiver for Community Bank of Nevada ("Plaintiff," together with Defendant, the "Parties"), by and through counsel, the law firm of Meier & Fine, LLC, hereby stipulate and agree that discovery in this Civil Action ("Action") may involve the disclosure of certain documents, things and information that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which must be protected in order to preserve legitimate business or privacy interests. Accordingly, good cause exists for the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in this case. The Parties further stipulate and agree, subject to the approval of the Court, that the terms and conditions of this Stipulated Protective Order shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in this Civil Action, or provided by or obtained from non-parties in this Action.

**SCOPE**

1. This Stipulated Protective Order shall apply to all documents, depositions, pleadings, exhibits and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

2. As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who produces Discovery Material, and "Receiving Party" shall refer to any individual who properly receives, is shown or is exposed to Discovery Material.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1802389

2 of 12

## DESIGNATION

3. Any Producing Party may designate Discovery Material as "CONFIDENTIAL" in accordance with this Stipulated Protective Order if such party in good faith believes that such Discovery Material contains CONFIDENTIAL information as defined in Paragraph 4. The burden of establishing that Discovery Material is CONFIDENTIAL as defined herein shall be on the Producing Party. The designation of any Discovery Material as CONFIDENTIAL shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4. As used herein, CONFIDENTIAL Discovery Material refers to information that a Producing Party claims to be proprietary business information or information relating to the personal records or information of individuals or entities that are not parties to the above captioned matter.

## USE

5. Discovery Material designated CONFIDENTIAL under this Stipulated Protective Order may be used only for purposes of this litigation and any appeal therefrom, and shall not be used for any other purpose including, but not limited to, any business, proprietary, commercial, governmental or other legal purpose, including in connection with any other litigation, arbitration or claim. Nothing in this Stipulated Protective Order precludes a Producing Party from using or disseminating its own CONFIDENTIAL information.

6. During the course of preparing for a deposition or trial, unless otherwise entitled to access under this Protective Order, a fact deponent or witness may be shown CONFIDENTIAL Discovery Material of another party or third party if, and only if, the Discovery Material reveals on its face that the deponent or witness authored or received the Discovery Material in the ordinary course of business and outside the context of this litigation. Nothing in this Paragraph shall preclude a Producing Party from showing Discovery Material that it has produced to its own deponent or witness, regardless of whether the Producing Party has designated the Discovery Material it produced as CONFIDENTIAL, and regardless of whether such deponent or witness is an author or recipient of the Discovery Material.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1802389

3 of 12

7. During the course of a deposition or trial, unless otherwise entitled to access under this Protective Order, a fact deponent or witness may be shown CONFIDENTIAL Discovery Material of another party or third party, if and only if, the Discovery Material reveals on its face that the deponent or witness authored or received the Discovery Material in the ordinary course of business and outside the context of this litigation, or alternatively if foundation testimony or other Discovery Material establishes that the deponent or witness authored or received the Discovery Material in the ordinary course of business and outside the context of this litigation, or until such person has executed the Declaration and Undertaking to Be Bound by Stipulated Protective Order in the form attached as Exhibit A.  A fact deponent or witness who is an officer, director or employee of a Producing Party may be shown any CONFIDENTIAL Discovery Material of the Producing Party of which he or she is an officer, director or employee.

8. All Discovery Material designated CONFIDENTIAL shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected.

9. Third parties may designate as CONFIDENTIAL transcripts of depositions of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as parties to this Action, and any such Discovery Material shall be treated by parties to this Action in the same manner as materials and information so designated by a party.  Third parties shall have the same rights and obligations under this Stipulated Protective Order as parties and may move the Court to enforce the provisions of this Stipulated Protective Order.

## DISCLOSURE

10. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

(a)   any outside counsel of record in this Action, including any attorneys employed by firms of record even if not otherwise identified specifically on pleadings;

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1802389

4 of 12

(b) support personnel for counsel identified in Paragraphs 10(a), such as law clerks, analysts, paralegals, litigation assistants, secretaries and support staff;

(c) any outside expert or consultant who is expressly retained or sought to be retained by counsel identified in Paragraph 10(a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

(d) any court reporter, shorthand reporter or typist recording or transcribing testimony;

(e) service contractors such as document copy services, trial technology consultants, jury consultants and graphic artists;

(f) personnel of the Court and all appropriate courts of appellate jurisdiction; and

(g) any other person agreed to by the Producing Party in writing.

11. CONFIDENTIAL Discovery Material shall not be disclosed to any person described in Paragraphs 10(c), (e) or (g) unless and until such person has executed the Declaration and Undertaking to Be Bound by Stipulated Protective Order in the form attached as Exhibit A. CONFIDENTIAL Discovery Material shall not be disclosed to any person unless such person is authorized to receive CONFIDENTIAL Discovery Material pursuant to Paragraph 10 of this Stipulated Protective Order.

12. As a condition precedent to disclosure of CONFIDENTIAL Discovery Material, at least seven (7) calendar days before the disclosure of any CONFIDENTIAL Discovery Material of any Producing Party is made to an individual described above in Paragraphs 10(a) or (c), counsel for the Receiving Party shall serve a Notice on the Producing Party identifying the individual by name and including a *curriculum vitae* or equivalent resume disclosing the individual's employment history, past or present relationship with any of the parties, and an executed acknowledgement from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto. Prior to disclosure of any CONFIDENTIAL Discovery Material produced by another party, the other party shall have seven (7) calendar days from receipt of the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1802389

5 of 12

1  executed acknowledgement and curriculum vitae or resume to object to such disclosure. In the
2  event of an objection to the proposed disclosure, the parties shall promptly confer in good faith
3  to resolve the concerns giving rise to the objection. If the parties are unable to reach agreement
4  regarding such disclosure, the objecting party must notify the Court on an expedited basis, and in
5  no event later than fifteen (15) calendar days after receipt of the executed acknowledgement and
6  curriculum vitae or resume. The burden shall be on the objecting party to demonstrate to the
7  Court why the proposed disclosure should not be made. CONFIDENTIAL Discovery Material
8  shall not be disclosed to such an individual pending the Court's resolution of the dispute. The
9  foregoing seven (7) and fifteen (15) calendar day periods may be extended by agreement of the
10 parties or by Order of the Court.

11   13. The recipient of any CONFIDENTIAL Discovery Material that is provided under this
12 Stipulated Protective Order shall maintain such information in a secure and safe area and shall
13 exercise reasonable and proper care with respect to the storage, custody, use and/or
14 dissemination of such information.

## INADVERTENT PRODUCTION/DESIGNATION

16   14. The inadvertent production of a document subject to attorney-client privilege or work
17 product immunity will not waive attorney-client privilege or work product immunity. In
18 addition, the fact that a document was inadvertently produced shall not be used in any manner as
19 evidence in support of any alleged waiver of attorney-client privilege or work product immunity.
20 If a party has inadvertently produced a document subject to a claim of attorney-client privilege or
21 work product immunity, upon request, the document and all copies thereof shall be returned
22 promptly, and in no event later than five (5) calendar days, after a request is made by the
23 Producing Party, as required by Fed. R. Civ. P. 26(b)(5)(B). Moreover, any notes or summaries,
24 other than those expressly permitted under this section, referring to or relating to any such
25 inadvertently produced document subject to a claim of attorney-client privilege or work product
26 immunity shall be destroyed. Nothing herein shall prevent the Receiving Party from preparing a
27 record for its own use containing the date, author, address(es) and other such information as is
28 reasonably necessary to identify the document and generally describe its nature to the Court in

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1802389

6 of 12

any motion to compel production of the document. Such a record of the identity and nature of a document may not be used for any purpose other than preparation of a motion to compel in this Action. After return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of attorney-client privilege or work product immunity by making a motion to the Court.

15. The inadvertent failure by a Producing Party to designate Discovery Material as CONFIDENTIAL shall not be a waiver of such designation provided that the Producing Party promptly informs the Receiving Party that such Discovery Material is CONFIDENTIAL, and in any event not more than five (5) business days from when the failure to designate first became known to the Producing Party. The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The party receiving Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL shall not be in breach of this Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate. Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under this Stipulated Protective Order.

16. In the event of disclosure of Discovery Material designated CONFIDENTIAL to any person not authorized to such access under this Stipulated Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1802389

## OBJECTIONS TO DESIGNATIONS

17. Any party may object to the designation by the Producing Party of any Discovery Material as CONFIDENTIAL. The process for making such an objection and for resolving the dispute shall be as follows:

(a) The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations. This notice shall include, at a minimum, a specific identification of the designated Discovery Material objected to as well as the reason(s) for the objection.

(b) The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Producing Party claiming protection, as well as any other interested party, in a good faith effort to resolve the dispute.

(c) Failing agreement, the objecting party may move the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation. The Producing Party bears the burden to establish that the Discovery Material is CONFIDENTIAL and entitled to such protection under this Stipulated Protective Order.

**18. Any documents designated as CONFIDENTIAL that are filed with the Court shall be filed in Compliance with Local Rule 10-5(b) and the Court's order issued concurrently with this protective order.**

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1802389

8 of 12

19. Notwithstanding any such challenge to the designation of Discovery Material as CONFIDENTIAL, all such Discovery Material so designated shall be treated as such and shall be subject to the provisions of this Stipulated Protective Order until either the party who designated the Discovery Material as CONFIDENTIAL withdraws such designation in writing or the Court rules that the designation is not proper and that the designation be removed.

## RETURN/DESTRUCTION OF MATERIALS

20. Not later than sixty (60) calendar days after the termination of this Action, all CONFIDENTIAL Discovery Material, including all copies thereof, shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party, except that each party's outside counsel may retain all papers filed with the Court, transcripts of testimony and exhibits, expert reports, discovery requests and responses, correspondence and their own work product containing CONFIDENTIAL information for archival purposes, and provided that such counsel shall not disclose any party's CONFIDENTIAL Discovery Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Stipulated Protective Order.  Not later than seventy-five (75) calendar days after the termination of this Action, the party receiving any CONFIDENTIAL Discovery

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1802389

9 of 12

1  Material shall certify in writing that all such material has been returned or destroyed.

3     IT IS SO STIPULATED.

4  DATED this _____ day of February, 2013.    DATED this _____ day of February, 2013.

5  GORDON SILVER    MEIER & FINE, LLC

6   /s/ Joel Z. Schwarz    /s/ Peter Dunkley

7  ERIC R. OLSEN    GLENN R. MEIER
Nevada Bar No. 3127    Nevada Bar No.6059
8  JOEL Z. SCHWARZ    PETER E. DUNKLEY
Nevada Bar No. 9181    Nevada Bar No. 11110
9  DYLAN T. CICILIANO    2300 West Sahara Avenue, Suite 1150
Nevada Bar No. 12348    Las Vegas, NV 89102
10  3960 Howard Hughes Pkwy., 9th Floor    Tel: (702) 673-1000
Las Vegas, Nevada 89169    *Attorneys for Federal Deposit Insurance*
11  Tel: (702) 796-5555    *Corporation, as Receiver for Community Bank of Nevada*

12  BROWNSTEIN HYATT FARBER SCHRECK
KIRK LENHARD
13  Nevada Bar No. 1437
ALISA NAVE-WORTH
14  Nevada Bar No. 9272
100 N. City Parkway, #1600
15  Las Vegas, NV 89106
Tel: (702) 464-7045

17  LAW OFFICES OF GLENN WARD CALSADA
GLENN WARD CALSADA
California Bar No. 134589
18  *Admitted Pro Hac Vice*
9924 Reseda Boulevard
19  Northridge, CA 91324
Tel: (818) 477-0314
20  *Attorneys for 26 Flamingo, LLC*

21  **IT IS HEREBY ORDERED:**

_____
United States Magistrate Judge

Dated: February 11, 2013

103239-001/1802389

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR COMMUNITY BANK OF NEVADA,<br><br>Plaintiff,<br><br>vs.<br><br>26 FLAMINGO, LLC; OUTBACK STEAKHOUSE OF FLORIDA, LLC, a Foreign Limited Liability Company; DOE INDIVIDUALS 1 through 10; and ROE CORPORATIONS 1 through 10,<br><br>Defendants. | CASE NO. 2:11-cv-01936-JCM-RJJ<br><br>**DECLARATION AND UNDERTAKING TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

I, _____, declare that:

1. My residence address is _____.

2. My current employer is _____ and the address of my current employment is _____.

3. My current occupation or job description is _____.

4. [Experts Only]  A copy of my *curriculum vitae* is attached hereto.

5. I have received and read the Stipulated Protective Order in this Action dated _____, and I understand its provisions. I agree (a) to be bound by the terms of the Stipulated Protective Order, (b) to use CONFIDENTIAL Discovery Material solely for this action and (c) not to disclose any CONFIDENTIAL Discovery Material to any person, firm, corporation or other entity not qualified to have access to such information pursuant to the terms of the Stipulated Protective Order.

/ / /

/ / /

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1802389

11 of 12

6. Upon termination of this Action, I will destroy or return to retaining counsel all CONFIDENTIAL Discovery Material and summaries, abstracts and indices thereof that come in my possession, and documents of things that I have prepared relating thereto.

7. I hereby submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcement of the Stipulated Protective Order. I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and may be liable in civil action by one or more of the parties in this Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____        _____

Date                                                                    Signature

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1802389

12 of 12