UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORP., <br><br> Plaintiff(s), <br><br> vs. <br><br> 26 FLAMINGO, LLC, et al., <br><br> Defendant(s). | Case No. 2:11-cv-01936-JCM-NJK <br><br> ORDER DENYING MOTION TO COMPEL AND MOTION FOR SANCTIONS, AND GRANTING MOTION TO FILE SURREPLY <br> (Docket Nos. 73, 74, 79) |

Pending before the Court is Defendant 26 Flamingo, LLC's ("Defendant") Motion to Compel, filed on March 12, 2013. Docket No. 73. The FDIC filed a response and Defendant filed a reply. Docket Nos. 77, 78. The FDIC also filed a surreply. Docket No. 79.[1] Also pending before the Court is Defendant's related motion for sanctions. Docket No. 74. The Court had scheduled a hearing on these motions for June 4, 2013, *see* Docket No. 82, but finds the motions appropriately decided without oral argument, *see* Local Rule 78-2. For the reasons explained below, the motion to compel is **DENIED** without prejudice and the motion for sanctions is **DENIED**.

**I.   MEET AND CONFER STANDARDS**

The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(1) requires that a motion to

---

[1] The FDIC filed a motion for leave to file the surreply. *See* Docket No. 79 at 3. Defendant did not file a response to that motion, so the Court construes it as unopposed. *See* Local Rule 7-2(d). Accordingly, the motion for leave to file the surreply is hereby **GRANTED**.

compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer" with the nonresponsive party. Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

The case law in this District is clear that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 171-72 (D. Nev. 1996). This obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. "Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter." *Id.*

To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170. Moreover, the Court "may look beyond the certification to determine if in fact the parties conferred and attempted to resolve in good faith all disputed issues before resorting to court intervention." *De Leon v. CIT Small Business Lending Corp.*, 2013 U.S. Dist. Lexis 64907, *28 (D. Nev. May 7, 2013) (citing *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1010 (9th Cir. 2004)) (overruling objection to denial of motion to compel on the basis that a sufficient meet and confer was not held despite certification to the contrary).

## II. ANALYSIS

The motion to compel relates to two separate overarching discovery issues, those related to compelling the production of documents from the FDIC and those related to compelling a Fed. R. Civ. P. Rule 30(b)(6) deposition. The Court addresses each in turn.

### A. Document Production

Defendant contends that the FDIC has failed to produce all responsive documents. *See* Mot. at 10-12, 20-22. With respect to that dispute, Defendant argues that an adequate meet and confer was conducted based on a June 7, 2012, discovery conference held nine months before the pending motion was filed. Mot. at 12 (citing declaration filed at Docket No. 41). The Court disagrees. As the FDIC notes in its response, that discovery conference was conducted for a previous motion to compel that Defendant filed and that the Court denied without prejudice. Response at 8; *see also* Docket No. 51 (denying motion to compel). Although the previous motion to compel deals with similar issues, that conference cannot be sufficient for purposes of the pending motion because a party must "meaningfully assess[] the relative strengths and weaknesses of its position *in light of all available information*." *Nevada Power*, 151 F.R.D. at 120 (emphasis added). Additional information is available now that was not available at that previous conference last June. The most obvious example of such information is that the Court provided guidance at the August 22, 2012, hearing on the first motion to compel as to what additional discovery should be conducted before returning to the Court with a renewed motion to compel. *See, e.g.*, 8/22/2012 Hearing Recording at 2:58-3:00 p.m.; *see also* Docket No. 75-1 at ¶ 3. That guidance and additional discovery clearly was not discussed by the parties last June.

Defendant also points to a letter it sent to the FDIC outlining discovery deficiencies on January 18, 2013. Mot. at 12. The FDIC responded to that letter by email on January 21, 2013. *See id.* (citing Exh. 12). The case law in this District is clear, however, that the exchange of letters does not constitute a sufficient meet and confer because "personal or telephonic consultation" is required. *See, e.g., Shufflemaster*, 170 F.R.D. at 172. Moreover, those letters pre-date the deposition of Kristine Rogers, on which Defendant's motion now rests in part. *See* Mot. at 21; *see also* Docket No. 71, Exh. 27 (deposition held on January 23, 2013). As such, the letters cannot constitute a

1  meaningful assessment in light of all available information now existing.

2  For the first time in reply, Defendant argues that, "[o]n February 13, 2013, 26 Flamingo's
3  counsel met and conferred with the FDIC's counsel regarding two issues, the FDIC's production of
4  documents and the extension of the discovery cutoff. [*See* Dkt. 72, at p. 17:7-18]." Reply at 8.[2] The
5  cited section refers only in passing to "communications . . . which the FDIC will not produce." *See*
6  Docket No. 71 at 17; *see also* Schwartz Decl. ¶ 19 (Docket No. 71-1). As the surreply points out,
7  the reference to the conversation "does not mention any discovery dispute, or conference pursuant to
8  Fed. R. Civ. P. 37, or Local Rule 26-7, but reflects only that the FDIC would not agree to extend
9  discovery." *See* Surreply at 11. In short, the reference to Docket No. 71 does not provide a
10 sufficient certification that the document-production dispute was meaningfully discussed at that
11 conference.

12 Accordingly, because Defendant has failed to show that a proper meet and confer was held
13 with respect to the pending motion to compel as it relates to purported document production
14 deficiencies, the motion is **DENIED** without prejudice. Defendant is **ORDERED** to conduct a
15 proper meet and confer no later than June 17, 2013. In the event that the parties are unable to
16 resolve all issues, Defendant shall file a renewed motion to compel no later than June 20, 2013. Any
17 response shall be filed by the FDIC no later than June 25, 2013 and any reply shall be filed no later
18 than June 28, 2013. The Court also tentatively schedules a hearing on any renewed motion on July
19 9, 2013, at 2:00 p.m. in Courtroom 3D.

20 **B.    Rule 30(b)(6) Deposition**

21 Defendant also seeks an order compelling further deposition testimony from the FDIC due to
22 purported deficiencies related to the Rule 30(b)(6) deposition held on February 20, 2013
23 (hereinafter, "the Rule 30(b)(6) deposition"). As a threshold matter, Defendant argues that a meet
24 and confer was not required on that dispute. *See* Mot. at 13. The Court disagrees. Defendant first
25 argues that a meet and confer was not required because the deposition at issue was held only two

---

[2] It appears to the Court that Defendant actually meant to refer to Docket No. 71.

1  days before the discovery cut-off.³  The fact that a discovery motion is filed shortly before a
2  discovery deadline does not excuse the movant from sufficiently meeting and conferring.  *See, e.g.*,
3  *Goben v. Wal-Mart Stores, Inc.*, 2013 U.S. Dist. Lexis. 26773, *3-4 (D. Nev. Feb. 27, 2013).
4  Second, without citation to any case law, Defendant argues that it was not required to meet and
5  confer since *some* court intervention would be required regardless of any meet and confer in light of
6  the need to obtain leave of Court to re-take the deposition pursuant to Fed. R. Civ. P. 30(a)(2)(ii)
7  and to extend discovery pursuant to Local Rule 26-4.  Mot. at 13.  Defendant too narrowly construes
8  the purpose of the meet and confer requirements.  "The purpose of the conference requirement is to
9  promote a frank exchange between counsel to resolve issues by agreement *or at least narrow and*
10 *focus the matters in controversy* before judicial resolution is sought."  *Nevada Power*, 151 F.R.D. at
11 120 (emphasis added).  That some judicial oversight is required does not eliminate the requirement
12 that a meet and confer be conducted because the parties may still be able to narrow or focus the
13 issues in need of court resolution.  In an ideal situation, the parties can obtain the required orders for
14 an additional deposition or discovery extension through stipulation.  Thus, the Court concludes that
15 Defendant's motion to compel deposition testimony is only properly before the Court if Defendant
16 sufficiently met and conferred on the issues related to the Rule 30(b)(6) deposition.

17       The Court finds that Defendant has failed to show that a sufficient meet and confer occurred.
18 The motion to compel seeks further deposition testimony in significant part based on the Rule
19 30(b)(6) deponent's purported lack of knowledge and the failure of the FDIC to properly prepare
20 him.  *See* Mot. at 7-10, 16-19.  Defendant has presented no statement that counsel attempted to
21 resolve those issues prior to the filing of the motion to compel.  *See* Mot. at 13 (arguing for lack of
22 deponent's preparation only that no meet and confer was required).  Thus, that aspect of the motion
23 to compel is not properly before the Court.

24       With respect to the privilege objections raised at the Rule 30(b)(6) deposition, Defendant
25 argues that it properly met and conferred because opposing counsel raised those objections at the
26 deposition and the FDIC's counsel addressed them off-record.  *See* Mot. at 13; *see also* Reply at 9.

---

28       ³ The discovery cut-off in this case passed on February 22, 2013.

In particular, Defendant presented the declaration of Joel Schwarz in reply, providing that "[t]he record is clear and the fact remains, counsel for the FDIC . . . and I discussed the objection." Schwarz Decl. ¶¶ 3-5 (Docket No. 78-9). In its surreply, the FDIC disputes the significance of this off-record discussion. *See* Surreply at 11 ("Regarding the deposition, the sum total of the purported meet and confer is an off-the-record conversation with opposing counsel about the assertion of privilege . . . with no follow-up whatsoever, and no request for a second 30(b)(6) deposition, or even a request for a Rule 37 meeting to discuss the same.")

The Court agrees with the FDIC that Defendant failed to conduct a sufficient meet and confer with respect to the privilege objection. The mere fact that counsel "discussed the objection" and disagreed, without more, does not show that they meaningfully conferred. As noted above, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Nevada Power*, 151 F.R.D. at 120. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations *as during the briefing of discovery motions*." *Id.* (emphasis added). This kind of meaningful discussion providing the same detail and support as a fully-briefed motion is simply not evidenced by Defendant's reference to an off-record discussion at the Rule 30(b)(6) deposition. In short, Defendant failed to show that a meaningful conference occurred.

Accordingly, because Defendant has failed to show that a proper meet and confer was held with respect to the pending motion to compel as it relates to Rule 30(b)(6) deposition, the motion is **DENIED** without prejudice. Defendant is **ORDERED** to conduct a proper meet and confer no later than June 17, 2013. In the event that the parties are unable to resolve all issues, Defendant shall file a renewed motion to compel no later than June 20, 2013. Any response shall be filed by the FDIC no later than June 25, 2013 and any reply shall be filed no later than June 28, 2013. The Court also tentatively schedules a hearing on any renewed motion on July 9, 2013 at 2:00 p.m. in Courtroom 3D.

//

### C. Sanctions

In connection with the pending motion to compel, Defendant also seeks sanctions. *See, e.g.*, Docket No. 74 at 22-23. Because the Court denies the motion to compel, the Court also **DENIES** the request for sanctions.

## III. CONCLUSION

For the reasons discussed more fully above, Defendant's motion to compel (Docket No. 73) is **DENIED** without prejudice. Defendant's motion for sanctions (Docket No. 74) is **DENIED**. The FDIC's motion for leave to file a surreply (Docket No. 79) is **GRANTED**.

IT IS SO ORDERED.

DATED: June 10, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge