GORDON SILVER
ERIC OLSEN
Nevada Bar No. 3127
E-mail: ero@gordonsilver.com
JOEL Z. SCHWARZ
Nevada Bar No. 9181
E-mail: jschwarz@gordonsilver.com
DYLAN T. CICILIANO
Nevada Bar No. 12348
E-mail: dciciliano@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Fax: (702) 369-2666
Tel: (702) 796-5555

BROWNSTEIN HYATT FARBER SCHRECK
KIRK LENHARD
Nevada Bar No. 1437
Email: KLenhard@BHFS.com
ALISA NAVE-WORTH
Nevada Bar No. 9272
Email: ANave-Worth@BHFS.com
100 N. City Parkway, #1600
Las Vegas, NV 89106
Tel: (702) 464-7045
Fax: (702) 382-8135

LAW OFFICE OF GLENN WARD CALSADA
GLENN WARD CALSADA
California Bar No. 134589
*Admitted Pro Hac Vice*
Email: glenn@calsadalaw.com
9924 Reseda Boulevard
Northridge, CA 91324
Tel: (818) 477-0314
Fax: (818) 473-4277

*Attorneys for Defendant/Counterclaimant 26 Flamingo, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR COMMUNITY BANK OF NEVADA,<br><br>Plaintiff,<br><br>vs.<br><br>26 FLAMINGO, LLC; OUTBACK STEAKHOUSE OF FLORIDA, LLC, a Foreign Limited Liability Company; DOE INDIVIDUALS 1 through 10; and ROE CORPORATIONS 1 through 10,<br><br>Defendants. | CASE NO. 2:11-cv-01936-JCMRJJ<br><br>**DEFENDANT 26 FLAMINGO'S MOTION:**<br>**(1) TO COMPEL RULE 30(b)(6) WITNESS; (2) TO COMPEL THE PRODUCTION OF DOCUMENTS REVIEWED BY THE RULE 30(b)(6) WITNESS; AND (3) FOR RULE 37 SANCTIONS** |

///

///

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

1 of 26

Defendant 26 FLAMINGO, LLC ("26 Flamingo"), by and through counsel, the law firms of Gordon Silver; Brownstein Hyatt Farber Schreck; and Law Offices of Glenn Ward Calsada, hereby moves this Court for an Order:

(1)　　Compelling the FDIC to produce a properly prepared Fed. R. Civ. P. ("Rule") 30(b)(6) witness for deposition;

(2)　　Compelling the FDIC's Rule 30(b)(6) witness to provide answers to questions where attorney-client privilege was improperly invoked;

(3)　　Compelling the production of documents reviewed by the FDIC's Rule 30(b)(6) witness; and

(4)　　Pursuant to Rule 37(a)(3)(B), awarding 26 Flamingo attorneys' fees and costs incurred in bringing this motion.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

2 of 26

This Motion is based upon the following Memorandum of Points and Authorities; the papers and pleadings on file herein; all supporting exhibits hereto, including the Declaration of Joel Z. Schwarz (the "Schwarz Declaration"), attached hereto as **Exhibit 1**, and any oral argument the Court may choose to hear on this matter.

DATED this _20th_ day of June, 2013.

GORDON SILVER

ERIC R. OLSEN
Nevada Bar No. 3127
JOEL Z. SCHWARZ
Nevada Bar No. 9181
DYLAN T. CICILIANO
Nevada Bar No. 12348
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555

BROWNSTEIN HYATT FARBER SCHRECK
KIRK LENHARD
Nevada Bar No. 1437
Email: KLenhard@BHFS.com
ALISA NAVE-WORTH
Nevada Bar No. 9272
Email: ANave-Worth@BHFS.com
100 N. City Parkway, #1600
Las Vegas, NV 89106
Tel: (702) 464-7045

LAW OFFICES OF GLENN WARD CALSADA
GLENN WARD CALSADA
California Bar No. 134589
*Admitted Pro Hac Vice*
9924 Reseda Boulevard
Northridge, CA 91324
Tel: (818) 477-0314

*Attorneys for Defendant/Counterclaimant 26 Flamingo, LLC*

///
///
///
///
///

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

3 of 26

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Despite this Court's indication that Rule 30(b)(6) depositions are the favored method to obtaining a corporation's knowledge, the FDIC failed to designate a witness with knowledge sufficient to bind the FDIC. In short, the FDIC's designated witness did nothing to prepare for a deposition aside from reviewing certain limited documents provided by counsel, some of which the FDIC refuses to produce. Thus, the FDIC must be compelled: (1) to produce a Rule 30(b)(6) witness prepared to testify regarding the issues in this case, or (2) to allow the witness to answer questions; and 93) to produce the materials reviewed by the witness. Moreover, by forcing 26 Flamingo to bring this motion, the FDIC should be required to pay attorneys' fees and costs pursuant to Rule 37(a)(3)(B). Further, at the direction of counsel, the Rule 30(b)(6) witness refused to identify those facts learned from counsel, based on an improperly asserted attorney-client privilege.

## II.

## STATEMENT OF FACTS

### A.   The Parties to the Relevant Documents are not the Parties to the Present Suit

On or about October 11, 2005, Dynasty Towers, LLC ("Dynasty Towers") agreed to purchase the property[1] from Outback Steakhouse of Florida, Inc., now Outback Steakhouse of Florida, LLC ("Outback"), vis-à-vis an Agreement for Purchase and Sale (the "Purchase Agreement"). [*See* Dkt. 30, at Ex. A-1]. Outback reserved an interest in a proposed condominium tower in exchange for decreased purchase price, to be secured by a surety bond. [*See id.*, at Ex. A-1, §§3(b), 6].

On March 27, 2008, Outback communicated to Nevada Title that Dynasty and Outback were inserting language into the "Deed" that reflected the interest in the project would be "incorporated into this deed . . . [as] a covenant running with the land." [*Id.*, at p.8, ll: 11-15].

---

[1] 3685 West Flamingo Road, Las Vegas, NV, APN 162-20-110-008 (the "Property")

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

1   Dynasty Towers sought a loan from Community Bank to purchase the Property. On April

2   2, 2008, Community Bank altered the terms of the proposed loan. [Dkt. 80, at 9:3-8].

3   On or about April 4, 2008, Outback and Dynasty Towers executed a Second Amendment

4   to Purchase Agreement (the "Second Amendment"). [*See id.*, at Ex. A-3]. The Second Amended

5   The Second Amendment created a covenant running with land, which secured Outback's

6   ownership interest in the condominium. [*Id.*]

7   The Grant Bargain and Sale Deed (the "GBS Deed"), which gave Dynasty Towers an

8   interest in the Property was executed and recorded April 4, 2008. [*See id.*, at Ex. A-4]. The GBS

9   Deed incorporated the covenant running with the land. The same day, Community Bank

10   recorded a Deed of Trust against the Property (the "Community Bank DOT"). [*See id.*, at Ex. A-

11   5]. On April 7, 2008, Nevada Title delivered a copy of the Title Policy to Community Bank,

12   which contained the Second Amendment and the GBS Deed.. [Dkt. 80, at 12:2-6].

13   Subsequently, Dynasty Towers—which is no longer in existence—defaulted on its loan

14   to Community Bank. On or about August 14, 2009, Community Bank failed and the FDIC took

15   over the bank as receiver. [Dkt. 1, at ¶ 24].   As receiver, the FDIC took control over all of

16   Community Bank's records, including electronic records and emails. (*See infra*). The FDIC

17   foreclosed on the Property. [Dkt 1] Outback assigned its rights to 26 Flamingo. [*Id.*] At issue in

18   this lawsuit is the relevant priority of Community Bank and Outback's interests.

19   The FDIC, as receiver for Community Bank, has assumed the obligations of Community

20   Bank. The FDIC is the only party to the lawsuit that has access to documents evidencing not only

21   Community Bank's knowledge, but also the transaction between Community Bank and Dynasty

22   Towers, as Dynasty Towers no longer exists.

23   26 Flamingo is not a party in possession, custody, or control of any relevant documents

24   or knowledge, and is accordingly in a significantly disadvantaged position. 26 Flamingo has had

25   to rely on the discovery process to uncover the facts of the case and discover the knowledge of

26   the original contracting parties.

27   The FDIC has used the disparity in knowledge of the parties to unilaterally assert that

28   Community Bank had no knowledge of the covenant in question, even though like 26 Flamingo,

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

the FDIC was not present at the time of the transaction. [Dkt. 76]. When 26 Flamingo requests specific documents or the extent of the FDIC's disclosures are questioned, the FDIC asserts everything has been produced, while producing little to no documentation of its efforts. [Dkt. 38, at 7:5-20; Dkt. 72, at 10:21-11:7]. The FDIC's posture has resulted in numerous motions and requests for additional discovery and the Court's intervention.

**B.    Questions of Material Fact Remain Regarding the Intent Behind Relevant Documents**

On April 10, 2012, the FDIC moved for Summary Judgment, claiming that all discoverable information had been produced. [Dkt 27]. On May 4, 2012, 26 Flamingo filed its opposition to the FDIC's Motion for Summary Judgment [Dkt. 29], and moved for Summary Judgment [Dkt 30]. On September 20, 2012, the Court denied both motions and found that "[t]he ambiguity as to the intent of those party to the relevant agreements serves as a basis to deny of both motions for summary judgment." [Dkt. 53, at 7:16-17]. More generally, the Court stated that "the language of the documents, by itself, is not sufficient to determine when Dynasty Towers [, LLC ("Dynasty Towers")] and Outback intended to create the purported interest in the land." [*Id.*, at 7:14-15].

The Court further found that:

> even if language of § 29 is not itself ambiguous, there still remains ambiguity as to the intended impact of this section. First, it is unclear to what extent the parties intended the purchase agreement to survive subsequent instruments. . . . Second, there remains a genuine issue of material fact as to the type of financing Community Bank provided Dynasty and also whether a bond was posted.

[*Id.*, at 5:25-6:5]. The Court concluded that "[w]ithout evidence providing insight as to the intent of the drafting parties or evidence supporting either party's interpretation of the relevant documents, this court must deny each party's motion for summary judgment." [*Id.*, at 10:17-20].

Thus, despite the FDIC's contentions that all relevant discovery has occurred, the Court recognizes that ambiguities still exist such that additional fact discovery is needed.

**C.    The Noticing of the FDIC's Deposition**

On November 14, 2012, 26 Flamingo issued subpoenas for the depositions of: Community Bank's Rule 30(b)(6) designee's (set for January 17, 2013) (*See* **Exhibit 2**); and the

· Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

6 of 26

1  FDIC's Rule 30(b)(6) designee's (set for January 18, 2013) (*See* **Exhibit 3**). The FDIC's initial
2  disclosures listed its counsel as the entity in care of Community Bank's Person Most
3  Knowledgeable. (*See* **Exhibit 4**).

4      Aside from minor temporal differences, the Rule 30(b)(6) deposition subpoenas for the
5  FDIC and Community Bank were identical. (*Compare* Ex. 3, *with* Ex. 2).

6      On December 18, 2012, 26 Flamingo, at the FDIC's request, issued an amended notice of
7  deposition for the FDIC's Rule 30(b)(6) designee, resetting the deposition to January 25, 2013.

8      On January 14, 2013, three days before Community Bank's Rule 30(b)(6) deposition, the
9  FDIC's counsel stated that because of the FDIC's receivership of Community Bank, Community
10  Bank's Rule 30(b)(6) witness was the FDIC's Rule 30(b)(6) witness. (*See* Ex. 1, at ¶ 3).[23]

11      As a result, 26 Flamingo vacated the deposition of Community Bank's Rule 30(b)(6)
12  designee. (*See id.* at ¶ 4).

13  **D.  The Taking of the FDIC's Deposition**

14      On February 20, 2013, the FDIC's external counsel Meier & Fine, corporate counsel John
15  Carlisle, and the FDIC's Rule 30(b)(6) designee, David Ohlrich ("Ohlrich"), appeared for the
16  Rule 30(b)(6) deposition. (*See* Deposition Transcript of David Ohlrich, attached hereto in
17  relevant parts as **Exhibit 5**). Ohlrich was designated the Rule 30(b)(6) witness because, in his
18  words, "there's a number of us, meaning people, from different areas that have been designated
19  as the 30(b)(6) witnesses for the corporation" and they had been deposed before. (*Id.* at 24:24-
20  25:6).[4] In other words, Ohlrich is a professional deponent for the FDIC.

21

---

22  [2] The FDIC's counsel contends that simply stated that the FDIC would not produce a Rule 30(b)(6) witness for
23  Community Bank.

[3] When the FDIC disclosed several thousand documents a week before the FDIC's Rule 30(b)(6) witness's
24  deposition, 26 Flamingo was forced to renotice the FDIC's Rule 30(b)(6) witnesses deposition for February 13,
2013. [Dkt. 69, at p.4; Ex. E.].

25  After two additional requests of the FDIC, the FDIC's Rule 30(b)(6) deposition was scheduled for for February 20,
2013. [Dkt. 67, at exhibit 1].

26
[4] Ohlrich had never before been designated as a witness or a person possessing percipient knowledge in this matter.
27  (Ex. 1, at ¶ 5). Ohlrich was not even employed by the FDIC when Community Bank went into receivership. (*See* Ex.
5, at 8:10-19). From January 2010 to July 2011, Ohlrich was the closing manager for the FDIC's Irvine field office,
28  which oversaw Community Bank loans. (*See id.* at 10:9-20, 14:3-9, 15:16-16:25).

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

7 of 26

**1. Community Bank's files are now in the complete custody and control of the FDIC.**

During his deposition, Ohlrich described what happens to the financial institution's files when a financial institution goes into receivership. Upon the FDIC's receivership, the FDIC removed Community Bank's employee's access to the Community Bank files, giving exclusive access to the FDIC's contractors. (Ex. 5, at p. 38:24-39:12; 49:17-50:8). John Carson, the FDIC's contractor who oversaw Ms. Rogers' loan files, had access to the file room and the electronic documents and is believed to know how the files were maintained. (*Id.* at pp. 16:21-24; 20:8-21:3).

**2. Ohlrich's Preparation as the Rule 30(b)(6) witness.**

Ohlrich had no recollection of the loan file as a "closing manager," his knowledge was gained exclusively through his preparation for the deposition. (*Id.* at 42:3-15).

a.  Ohlrich gained his knowledge solely through counsel.

Ohlrich had two short conversations with corporate counsel on February 6, 2013, and February 13, 2013. (*See id.* at 47:25-48:19; 50:13-20). The day before the deposition, Ohlrich again met with counsel, Mr. Meier and Mr. Carlisle, this time for approximately four hours. (*Id.* at 48:25-50:12). At each of the three meetings, Counsel provided Ohlrich with factual information about the case, in order to prepare him for his deposition. (*See generally*, *id.* at 45:6-21; 45:23-46:7;46:8-47:24). Aside from reviewing what counsel gave Ohlrich, Ohlrich did not do anything else to prepare for his deposition. (*Id.* at 57:18-25; 58:3-6).

When 26 Flamingo inquired into the facts provided to Ohlrich by Counsel, the FDIC's Counsel asserted the attorney-client privilege and Ohlrich refused to respond to the question on the same basis. (*See generally*, *id.*, at 45:6-21; 45:23-46:7; 46:8-47:24).

b.  Ohlrich did not review any communications in the FDIC's possession other than what was given to him by the FDIC's counsel.

To further prepare for his deposition, Ohlrich "reviewed the loan file that was provided by counsel" and "a number of the legal filings that had been filed in the case to try and get me up to speed on, you know, issues, stuff of that nature." (*Id.* at 43:1-20). The loan file was "30 or 40"

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

pages. (*Id.* at 86:13-14). The majority of the loan file was a loan write up, financial statements, and a brief summary of the borrower and the collateral (*Id.* at 86:8-87:524). The legal filings Ohlrich reviewed: the Complaint and the FDIC's summary judgment motion. (*See id.* at 51:1-20; 91:3-92:4).

Ohlrich never sent a request for the email communications and he is unaware whether anyone at the FDIC has sought email communications from the Community Bank Loan Officers or made a request of the Division of Information Technology. (*Id.* at 31:24-323; 32:4-21; 37:14-21). Ohlrich also had the ability to request documents from Iron Mountain, but did not do so. (*Id.* at 38:3-11).

### c.   Ohlrich did not speak with any FDIC or Community Bank employees.

In preparing for the deposition, the FDIC did not speak with any current or past FDIC or Community Bank employees. (*Id.*, at 55:2-25; 56:14-20). Ohlrich identified several persons/positions at the FDIC who possessed knowledge regarding the Loan at issue in this case: John Pace, Bob Fitzgerald, Doug Bartazatt, Steve Randall, an FDIC Contractor, a RAC, and an asset manager. (*Id.*, at 12:18-13:8; 19:6-22:1; 22:10-24; 23:6-10).[5] Neither Ohlrich nor the FDIC's counsel has spoken with these individuals, and at no point has the FDIC disclosed these individuals as persons potentially possessing relevant information. (*Id.*, at 55:2-25; Ex. 1, at ¶7).

The FDIC previously identified: Mark Bauer, Richard A. Healy[6], Bruce Greene, Jason Spalding, John Mauk, Josh Oerke, Genevieve Jouanne, and Olga Velasco as employees or agents of the FDIC that have knowledge of the Community Bank Loan. (Ex. 1, at ¶7). Ohlrich did not know these peoples identity and did not speak with them. (*See* Ex. 5, at 58:17-20; 59:4-11; 63:21-64:1; 64:6-13; 90:9-17.)

Ohlrich did not review the deposition of any witnesses in the present matter, only "emails on a couple depositions," which were prepared by the FDIC's counsel. (*Id.* at 54:3-10). Ohlrich could not even identify the names of the deponents. (*See id.* at 54:14-20).

/ / /

---

[5] None of whom have ever been disclosed as witnesses by the FDIC.

[6] He verified interrogatory responses, entirely unclear why he was not 30(b)(6) designee.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

### 3. Ohlrich's did not provide meaningful responses to 26 Flamingo's inquiries.

Ohlrich was largely unable to provide meaningful responses to the identified categories of inquiry. 26 Flamingo designated four categories on which it would depose the FDIC's Rule 30(b)(6) designee.

      a.   Ohlrich did not even review the loan and acquisition of property in question.

The first category requested "information referring or relating to any loans made to Dynasty Towers, LLC, from 2005 to Present." (*See* Ex. 3, at ex. A). With respect to the first area of inquiry, Ohlrich reviewed the credit file but did not talk to anyone from the FDIC or Community Bank. (*See* Ex. 5 at 69:21-70:7). Ohlrich did not know whether Community Bank extended to Dynasty Towers an acquisition loan, an area of ambiguity in which the Court denied summary judgment. (*See* Dkt 53, at 5:25-6:5; Ex.5, at 93:21-95:2). Had Ohlrich reviewed the Community Bank's loan file—specifically the FDIC documents the withheld prior to its first Motion for Summary judgment—he would have known that Dynasty Towers had an acquisition loan. [See Dkt. 80, at 4]. Ohlrich also did not know the contents of the Grant Bargain and Sale Deed for the Property, the very document which gave Dynasty Towers any right to the property. (*See* Ex. 5, at 102:18-21; 122:2-5).

His lack of a basic understanding of the loan documents demonstrates that he was not prepared for his deposition.

      b.   Ohlrich was uncertain of the FDIC's own action.

26 Flamingo's second category of inquiry sought "information referring or relating to any notice of claims issued to any depositor or creditor of Community Bank of Nevada, at the time of the FDIC's receivership or thereafter." (*See* Ex. 3, at ex. A). In response to the second category of inquiry, Ohlrich presented 26 Flamingo with a document provided to him by counsel. (*See* Ex. 5, at 70:8-15; 71:16-19). Ohlrich was unable to testify as to how the claims process worked, who prepared the document he reviewed, or what the "coding" in the document meant. (*See id.* at 71:20-25; 72:1-19; 73:2-74:1). All Ohlrich knew is that the FDIC usually notifies known creditors and debtors of the "notice of the claims process," but he did not review whether

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

10 of 26

1   Dynasty Towers, Outback, or 26 Flamingo received a "notice of the claims process." (*See id.* at
2   75:5-7; 75:21-76:23; 77:7-13).

3       The FDIC did not see it fit to prepare its witness on the FDIC's own protocol or steps
4   taken by the FDIC in the present matter.

5           c.   With respect to communications, Ohlrich ignored the information in the
             FDIC's custody and control.
6

7       As has been frequently requested, 26 Flamingo sought "any and all communications
8   received or authored by You that refer or relate to any ownership interest 26 Flamingo, LLC or
9   Outback Steakhouse, claims or claim(ed) to have in the property situated at 3685 West Flamingo
10  Road, Las Vegas, Nevada, Dynasty Towers, LLC (sic), from 2005 to Present." (*See* Ex. 3, at ex.
11  A).

12      Previously, 26 Flamingo issued numerous discovery responses requesting documents and
13  communications by and between Community Bank employees. [7] [8] [9] The FDIC has **failed** to
14

---

15  [7] On or about May 16, 2012, the FDIC served 26 Flamingo with the FDIC's Responses to 26 Flamingo's "First Set
16  of Requests for Production of Documents." [*See* Dkt. 41,at Ex. 6]. Therein it issued requests for the production of
    communications.
17  **Request for Production No. 3**
    Please produce any and all communications regarding the Land, as acquired in your receivership or otherwise.
18  **Request for Production No. 5**
19  Please produce any and all communications regarding the Payment Covenant, as acquired in your receivership or
    otherwise.
20  [8] On July 9, 2012, the FDIC served 26 Flamingo with the FDIC's Responses to 26 Flamingo's "Second Set of
21  Requests for Production of Documents." (*See* **Exhibit 6**). Therein, the FDIC responded to requests for the
    production of Community Bank and the FDIC's communications.
22  **REQUEST FOR PRODUCTION NO. 15:**
23  Please produce all Community Bank correspondence relating to the Land.
    **REQUEST FOR PRODUCTION NO. 15 [sic]:**
24  Please produce all Community Bank correspondence with third parties relating to the Land.
25  **REQUEST FOR PRODUCTION NO. 17:**
    Please produce all internal FDIC correspondence relating to the Land.
26  **REQUEST FOR PRODUCTION NO. 18:**
27  Please produce all FDIC correspondence with third parties relating to the Land.
28  (*See* Ex. 9 at Nos. 15, 15(sic), 17 & 18).

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

identify or produce any Community Bank communications. (*See* Ex. 1, at ¶¶ 8, 11). The FDIC, however, was well aware of 26 Flamingo's repeated requests for communications and documents from Community Bank and the FDIC.

When Ohlrich testified to this category, it was revealed that he only reviewed limited communications supplied by Counsel. (*See* Ex. 5, at 80:1-12). He believed there were some internal Community Bank communications, although they have never been produced to 26 Flamingo. (*See id.* at 80:13-81:1). He further reviewed no communications between Nevada Title Company and Community Bank—of which evidence contrary to the FDIC's "story" exists. (*See id.* at 115:8-16).[10] Further, despite his ability to do so, Ohlrich made no additional request for Community Bank's communications.

> d. Ohlrich did not obtain the information necessary to respond to the fourth category of inquiry.

26 Flamingo's final category of inquiry sought "[a]ny analysis or evaluations referring or relating to any ownership interest, covenant, reservation of rights, easements, or other property rights, in the property situated at 3685 West Flamingo Road, Las Vegas, Nevada, since Your receivership of Community Bank of Nevada." (*See* Ex. 3, at ex. A).

--------------------------------- (continued)

[9] On October 8, 2012, the FDIC served 26 Flamingo with the FDIC's Responses to 26 Flamingo's "Third Set of Requests for Production of Documents." (*See* **Exhibit 7**). Therein, the FDIC provided responses to requests for the production of Community Bank's communications.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce any and all communications in your possession, whether created or received by the FDIC or Community Bank of Nevada, that refer or relate to the Land, as defined herein, from 2005 until present.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce any and all documents, memorandum, and communications from each and every individual identified in the FDIC's Answers to 26 Flamingo LLC's Second Set of Interrogatories Numbers 22 and 23, whether authored, received, or in the possession of the individual, that refer or relate to the Land, the present lawsuit, Outback Steakhouse of Florida, LLC, 26 Flamingo, Dynasty Towers, LLC and any of 26 Flamingo's prior requests for the production of documents.

(*See id.* at Nos. 23 & 24).

[10] The FDIC contends that Community Bank had no knowledge of the Second Amendment. Community Bank, however, communicated with Nevada Title Company shortly before the execution of the Second Amendment. The communication made reference to certain terms in the second amendment, demonstrating Community Bank's knowledge.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

12 of 26

Ohlrich stated that he reviewed the foreclosure title from National Title Company, although he could not specifically identify any title documents he reviewed. (*See* Ex. 5, at 71:20-25; 72:1-19; 73:2-74:1, 83:12-23). Ohlrich could not respond to any inquiry into how the FDIC evaluated or analyzed any ownership interest in the subject property, because other FDIC employees had evaluated the loan. (*See id.* at 84:11-18). In addition to being unaware of the contents of any title report, Ohlrich did not seek facts as to how the FDIC evaluated any encumbrances on the subject property, making his preparation insufficient.

### 4.   The Parties Met and Conferred and Were Unable to Reach a Resolution.

Pursuant to Fed. R. Civ. P. 37(a), 26 Flamingo met in good faith with the FDIC. The parties have a long history of meeting and conferring with the FDIC on issues related to the production of documents.

On June 14, 2013, Plaintiff's counsel and Defendant's counsel partook in a 1 hour telephonic meet and confer, pursuant to Local Rule 26-4. Prior to the meet and confer, Defendant's counsel sent Plaintiff's counsel a fax outlining categories for their meet and confer. (*See* June 11, 2013, Fax, attached hereto as **Exhibit 8**). The two categories of discussion were Plaintiff's production of a new Rule 30(b)(6) witness and Plaintiff's production of Community Bank documents.

Herein, 26 Flamingo's counsel will only describe the meet and confer as it pertains to the FDIC's Rule 30(b)(6) designee. 26 Flamingo identified that the FDIC's Rule 30(b)(6) witness was unprepared to discuss the facts and circumstances of the case. (Ex. 1, at ¶ 12).

Further, 26 Flamingo argued that the FDIC had improperly asserted the privilege to the source of the FDIC's Rule 30(b)(6) witnesses knowledge and the documents he reviewed in preparation for his deposition. (*Id.* at ¶ 13). 26 Flamingo's counsel made clear that he would ask the same exact questions to which the FDIC had previously asserted a privilege. (*Id.*)ꞌ

In response, the FDIC stated that it could produce a Rule 30(b)(6) witness to respond to questions it previously asserted a privilege to or otherwise did not respond to, but that the FDIC would not commit to whether it would assert the privilege again. (*Id.* at ¶ 14). Even after 26

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

13 of 26

Flamingo again stated that it would ask the same exact questions over again, the FDIC would not agree to withdraw the prior assertion of privilege. (*Id.*).

The FDIC further contended that it would continue to limit testimony to the period in which the FDIC was the receiver. (*Id.* at ¶ 15). As such, the witness would only respond to facts regarding the FDIC's conduct but not facts related to the documents at question in the above captioned matter. (*Id.*).

26 Flamingo responded that the FDIC had previously instructed 26 Flamingo to vacate Community Bank's Rule 30(b)(6) deposition, and the FDIC could not have it both ways and deny 26 Flamingo the ability to depose Community Bank's Rule 30(b)(6) witness. (*Id.* at ¶ 16). It further argued that when the FDIC becomes receiver of a bank, it has the duty to produce a Rule 30(b)(6) who has knowledge of the bank in receivership. (*Id.*).

The FDIC responded that it did not tell 26 Flamingo to vacate Community Bank's Rule 30(b)(6) deposition, just that the FDIC would not be producing a witness in response to the Notice of Deposition. (*Id.* at ¶ 17). Further, the FDIC argued that the FDIC does not have the duty to produce a Rule 30(b)(6) witness for a bank in its receivership. (*Id.*) The FDIC stated that Rule 30(b)(6) "doesn't mean the FDIC has to find former employees to find hearsay evidence of what happened," and that everything that 26 Flamingo needs to "know is in the documents." (*Id.*).

As to the production of documents reviewed by the Rule 30(b)(6) witness, the FDIC stated that it would not produce any documents that the Rule 30(b)(6) witness reviewed so long as they were created by counsel, as the FDIC believes they are protected by the attorney-work product doctrine or the attorney client privilege. (*Id.* at ¶ 18). 26 Flamingo countered that if they were reviewed in preparing the witness to testify they were discoverable. (*Id.*) The FDIC disagreed. (*Id.*)

The parties agreed that after a thorough meet and confer they were unable to come to an agreement and the present Motion to Compel was necessary. (*Id.* at ¶ 19).

/ / /

/ / /

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

14 of 26

# III.

# LEGAL ARGUMENT

## A.    The FDIC must be compelled to comply with Rule 30(b)(6).

"The purpose of the rule is to streamline the discovery process." *Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 538 (D. Nev. 2008).[11] Specifically, Rule 30(b)(6) provides that:

> A party may . . . name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf . . . The persons so designated shall testify as to the matters known or reasonably available to the organization. . . .

Fed. R. Civ. P. 30(b)(6).[12]

Preparing a Rule 30(b)(6) designee may be an onerous task, and even though "adequately preparing a Rule 30(b)(6) deposition can be burdensome," "this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business." *Great Am. Ins. Co. of New York*, 251 F.R.D. at 540 (quoting *Taylor*, 166 F.R.D. at 360-61); *see also Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D.Kan.2006). "[T]he burdens imposed by Rule 30(b)(6) are as taxing as they are mutually beneficial." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000). Rule 30(b)(6) is meant to provide the inquiring party with a deponent who can bind the corporation, while relieving the corporation of having to defend numerous depositions of its officers and

---

[11] In 1970, congress amended Rule 30(b)(6). *See* Fed.R.Civ.P. 30(b)(6) advisory committee's note.  The amendment serves three purposes: "First, it reduces the difficulties experienced by the party requesting the deposition in determining whether a particular organizational employee was a "managing agent."" *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 504 (D.S.D. 2009); *see also* Fed.R.Civ.P. 30(b)(6) advisory committee's note. "Second, it curbs the "bandying" by which various organizational officers or agents, while being deposed, disclaim knowledge of facts clearly known by some other officer or agent of the organization." *Murphy*, 255 F.R.D. at 504; *Great Am. Ins. Co. of New York*, 251 F.R.D. at 538; *see also* Fed.R.Civ.P. 30(b)(6) advisory committee's note. Finally, it protects the organization by eliminating unnecessary and unproductive depositions of employees who have no knowledge of the topics at issue. *Murphy*, 255 F.R.D. at 504; *see also* Fed.R.Civ.P. 30(b)(6) advisory committee's note.

[12] Rule 30(b)(6) depositions are a preferred method of discovery, unequal to interrogatories and requests for production of documents. *Great Am. Ins. Co. of New York*, 251 F.R.D. at 541 (citing *Marker v. Union Fidelity Life Insurance Company*, 125 F.R.D. 121, 126 (M.D.N.C.1989). The designating party may simply not elect to supply written answers in response to a Rule 30(b)(6) deposition notice. *Id*; *see also Murphy*, 255 F.R.D. at 5066; *Marker*, 125 F.R.D. at 126 (rejecting defendant's argument that the information sought by a Rule 30(b)(6) deposition had already been produced in its written answers to interrogatories).

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

1    employees. *Id.*

2         "[T]he effectiveness of the Rule bears heavily upon the parties' reciprocal obligations."

3    *Id.* The deposing party must identify categories of inquiry. *Id.* In return, the corporation has "a

4    duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule

5    30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the

6    designated subject matter." *Prokosch*, 193 F.R.D. at 638 (quoting *Starlight Intern, Inc. v.*

7    *Herlihy,* 186 F.R.D. 626, 639 (D.Kan.1999)).

8         In its Motion for Protective Order [*See* Dkt. 67] the FDIC conceded that 26 Flamingo met

9    its burden under Rule 30(b)(6).  Therefore, the only question before the Court is whether the

10   FDIC made a good faith effort to designate and prepare a Rule 30(b)(6) witness. It did not.

11   **1.  The FDIC Rule 30(b)(6)'s witness cannot assert that documents in this matter
         represent the FDIC's position, rather the witness must provide an interpretation
12       of those documents.**

13        A Rule 30(b)(6) designee "represents the knowledge of the corporation, not of the

14   individual deponents." *U.S. v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.1996); *Alliance for Global*

15   *Justice v. District of Columbia,* 437 F.Supp.2d 32, 37 (D.D.C.2006). (citation omitted). The

16   corporation has a duty to provide a witness who is knowledgeable enough to provide "binding

17   answers on behalf of the corporation." *Great Am. Ins. Co. of New York*, 251 F.R.D. at 538

18   (internal citations omitted).

19        During Ohlrich's deposition, he was unable to substantively respond to questions

20   regarding the various agreements and contracts at issue in this matter. The FDIC's counsel

21   stated, in no uncertain terms, that everything that 26 Flamingo needs to "know is in the

22   documents." (Ex. 1, at ¶ 6). Thus, the FDIC has set forth a position, as it has in its Motions for

23   Summary Judgment [Dkts. 27 and76] that the documents represent the FDIC's position.

24        However, a corporation cannot merely assert that certain documents state its position. *See*

25   *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal.

26   2012) (quoting *Wilson v. Lakner,* 228 F.R.D. 524, 530 (D.Md.2005)).  It is clear that "the

27   corporation must provide its interpretation of documents and events." *Twentieth Century Fox*

28   *Film Corp. v. Marvel Enterprises, Inc.*, 01 CIV. 3016(AGS)(HB), 2002 WL 1835439, at *3

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

(S.D.N.Y. Aug. 8, 2002) (citing *Ierardi v. Lorillard, Inc.,* Civ. A. No. 90–7049, 1991 WL 158911 (E.D.Pa. Aug.13, 1991)). "If a corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, [**its Rule 30(b)(6) witness] must present the position, give reasons for the position, and, more importantly, stand subject to cross-examination.**" *Louisiana Pac. Corp.,* 285 F.R.D. at 486 (emphasis added). "This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent . . . ." *Twentieth Century Fox Film Corp.,* 2002 WL 1835439, at *3.

Here, the FDIC's witness did no such thing. He had reviewed few if any of the documents and merely stated that the documents speak for themselves. The FDIC's counsel was also clear that the FDIC's position was the documents itself. The standard in the Ninth Circuit, however, does not allow a corporation to merely rest on the text of documents; instead it must provide its interpretation thereof. As Ohlrich did not and could not do so, this Court must compel a new Rule 30(b)(6) deponent who is prepared to provide the FDIC's interpretation of the documents.

### 2. The FDIC Rule 30(b)(6)'s witness must be prepared to testify to the knowledge of Community Bank.

As is undisputed, the FDIC is the receiver of Community Bank. For all purposes, Community Bank does not exist outside of the FDIC. Further, the FDIC has had uninterrupted and exclusive access of all of Community Bank's documents, electronic files, and servers since its receivership of Community Bank.

The FDIC's counsel unequivocally stated that it would not allow the FDIC to testify to events that occurred before the FDIC's receivership of Community Bank. This is notwithstanding the fact that the FDIC listed the person most knowledgeable of Community Bank as being in the care of the FDIC's counsel. Further, the FDIC specifically requested that Community Bank's Rule 30(b)(6) deposition be vacated, as the FDIC for all purposes had acquired Community Bank, its assets, liabilities, and files.

When asked how the FDIC could assert that it was not the person most knowledgeable of Community Bank, the FDIC's counsel stated that just because the FDIC acquired Community

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

17 of 26

103239-001/1968236

Bank does not mean that it assumed the responsibilities of Community Bank. The FDIC's counsel also argued that it is not required to seek out Community Bank's knowledge, and that it does not have to seek out employees of Community Bank and the FDIC to obtain hearsay knowledge. The implication is that the FDIC believes 26 Flamingo should have to depose every employee of Community Bank or rely on the documents the FDIC provides to obtain Community Bank's knowledge. The FDIC is flat wrong.

"By its very nature, a Rule 30(b)(6) deposition notice requires the responding party to prepare a designated representative . . . on matters **reasonably known** by the responding entity." *Great Am. Ins. Co. of New York*, 251 F.R.D. at 539 (emphasis added).[13] The specific purpose of Rule 30(b)(6)'s amendment is to relieve a party of the burden of having depose various officers and agents of a corporation to obtain the knowledge of the corporation, and to prevent  the organizations officers and agents from disclaiming knowledge of facts clearly known by some officer or agent of the organization.  (*See* supra, at note 9; *Murphy*, 255 F.R.D. at 504; *Great Am. Ins. Co. of New York*, 251 F.R.D. at 538). Thus, the FDIC's argument that it cannot be made to produce a witness with knowledge of the documents and knowledge in its exclusive custody and control is erroneous.

In *Butcher*, the court noted that "a corporation like the FDIC 'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the discovering party] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the discovering party] as to the relevant subject matters.'" *Butcher*, 116 F.R.D. at 199 (internal citations omitted). The court rejected the FDIC's positions that designating a "Rule 30(b)(6) does not require it to do any "new work". . . ; that [the] FDIC does not have to tell defendants the evidence it will marshal for its contentions"; and that the Rule 30(b)(6) witnesses does not speak for the entire FDIC." *Id.* The court specifically noted that

---

[13] *See also Louisiana Pac. Corp.*, 285 F.R.D. at 485-86 (finding that "[t]he corporation has a duty to educate its witnesses so they are prepared to fully answer the questions posed at the deposition"); *Dravo Corp. v. Liberty Mut. Ins.* Co., 164 F.R.D. 70, 75 (D.Neb.1995) ("If the rule is to promote effective discovery regarding corporations, the spokesperson must be informed."); *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 172 (D.D.C. 2003) (a corporation's 30(b)(6) witnesses must be "thoroughly educated about the noticed deposition topics with respect to any and all facts known to [the Corporation] or its counsel, regardless of whether such facts are memorialized in work product protected documents or reside in the minds of counsel").

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

the FDIC has "a duty to **prepare** its 30(b)(6) witnesses to speak **for the corporation** on all discoverable information and to give full, complete and unevasive answers." *Id.*

In *Murphy*, the court considered whether Kmart's Rule 30(b)(6) witness could be compelled to respond to categories of inquiry relating to companies Kmart purchased. 255 F.R.D. at 509. The Court reduced the issue to "whether Kmart has sufficient control over or access to [the corporations] to be charged with the knowledge of these entities." *Id.* The court found as the party in control of the entities, Kmart did. *Id.*

Here, the Court has expressly identified that the intent of Community Bank, who is in the FDIC's exclusive possession and control, is at issue. The FDIC, by rule, necessity, and equity, is the custodian of the knowledge of Community Bank. When requested, it must present a witness who can testify to the facts and knowledge that were once in Community Bank's possession, and are now in the FDIC's exclusive custody and control.

Simply, the FDIC cannot have it both ways, as they assert here. It cannot claim to have the rights of Community Bank—foreclosure—and cannot be in absolute and exclusive custody and control of Community Bank's files, while at the same time denying 26 Flamingo the opportunity to depose the person(s) who are most knowledgeable of Community Bank.

> a. The FDIC's Rule 30(b)(6) must obtain the knowledge of the FDIC and Community Bank's employees, even if the employees are no longer in the FDIC's employ.

The FDIC's counsel asserts that the FDIC does not have to interview employees and ex-employees in order to obtain their knowledge. In fact, Rule 30(b)(6) specifically requires that it does.

In no uncertain terms, if a rule 30(b)(6) designee does not possess personal knowledge of the facts and circumstances surrounding the categories of inquiry then he or she must affirmatively seek out the knowledge. See generally, *Taylor,* 166 F.R.D. at 361. [14]

The Nevada District Court finds that "it is not uncommon to find that a corporation no

---

[14] "If no current employee has sufficient knowledge to provide the requested information, then the party is obligated to prepare [one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Murphy,* 255 F.R.D. at 504-05 (quoting *Dravo Corp.,* 164 F.R.D. 75).

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

longer employs individuals who have memory of distant events, or to find that individuals with knowledge are deceased." *Great Am. Ins. Co. of New York*, 251 F.R.D. at 539. To this common occurrence, the Court adopts the *Taylor* court's position that: "[t]hese problems do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources. . ." *Id.* (quoting *Taylor,* 166 F.R.D. at 361-62); *see also United States v. Mass. Indus. Fin. Agency,* 162 F.R.D. 410, 412 (D.Mass.1995) (rejecting corporation's arguments that it was not required under Rule 30(b)(6) to educate its witness about actions taken by former employees of the corporation).

Ohlrich was not a percipient witness to the events at issue in the present suit. Ohlrich therefore has to gain the FDIC's "knowledge" by searching out information reasonably known to the FDIC. Further, if no one at the FDIC has direct knowledge of the events, Ohlrich must seek out the knowledge of ex-employees. Ohlrich did not do so, and the FDIC now claims that it has no obligation to seek out "hearsay" testimony from ex-employees. The Nevada District Courts and Rule 30(B)(6) suggest otherwise.

    b.   The FDIC must make its Rule 30(b)(6) designee knowledgeable on files obtained in its receivership.

A corporation's obligation to produce a proficient Rule 30(b)(6) witness is no different than a corporation's duty to respond to interrogatories. *Twentieth Century Fox Film Corp.,* 01 CIV. 3016(AGS)(HB), 2002 WL 1835439, at *3 (S.D.N.Y. Aug. 8, 2002). A corporation "must provide not only the information contained in its own files and possessed by its own employees, it must also provide all information under its control." *Id.* This is "consistent with the purpose of discovery—'[to] make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" *Id.* (quoting *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 (1958)).

Courts reject the argument that an inquiry into an acquired corporation is burdensome "because the information is available elsewhere." *See, e.g., Murphy*, 255 F.R.D. at 507. Rule 30(b)(6) "evinces an intent to shift certain burdens to the entity that is in a better position to obtain useful information." *Murphy*, 255 F.R.D. at 507-08 (internal citations omitted). "[T]he test

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

20 of 26

103239-001/1968236

focuses on whether the corporation has 'access to the documents' and 'ability to obtain the documents." *Id.* at 509 (quoting *Hunter Douglas, Inc. v. Comfortex Corp.*, 1999 WL 14007 (S.D.N.Y. Jan. 11, 1999)). "Even if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed." *Molex v. City & County of San Francisco*, C-4:11-1282-YGR KAW, 2012 WL 1965607 (N.D. Cal. May 31, 2012) (quoting *Concerned Citizens of Belle Haven v. The Belle Haven Club,* 223 F.R.D. 39, 43 (D.Conn.2004)).

As such, **"the attorney for the corporation is not at liberty to manufacture the corporation's contentions. Rather, the corporation may designate a person to speak on its behalf and it is this position which the attorney must advocate."** *Twentieth Century Fox Film Corp.*, 2002 WL 1835439, at *3. (emphasis added). Therefore, the FDIC must obtain and review the documents in its possession, and may not simply rely on the arguments counsel wishes for it to make.

In *Great Am. Ins. Co. of New York*, this Court rejected a party's argument that because relevant documents were held in a repository they were not reasonably available to the Rule 30(b)(6) designee. 251 F.R.D. at 541. To provide answers reasonably available to the corporation, the witness had to become familiar with documents in the repository. *Id.* Further, a passage of time since relevant events does not diminish a deponent's burden. *Id.* at 542.

Ohlrich was not a percipient witness in this case and did not prepare his self for his deposition by reviewing documents in the case. Rather, the FDIC's witness exclusively obtained the FDIC's position through three discussions with counsel. Ohlrich had two short conversations with corporate counsel on February 6, 2013, and February 13, 2013. Then the day before the deposition, Ohlrich again met with counsel, for four hours. To further prepare for the deposition, Ohlrich reviewed 30 or 40 pages of documents provided by counsel and reviewed counsel's pleadings in this case.

This is a clear situation in which counsel has manufactured the FDIC's knowledge and position. Ohlirch, whose testimony is supposed to bind the FDIC, knew only the talking points provided to him by counsel. His knowledge and testimony was hardly representative of the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

21 of 26

1   FDIC's knowledge and instead represented the testimony counsel wanted him to give. Thus,

2   Ohlrich and the FDIC did not take the steps necessary to gain this knowledge, and the FDIC

3   must now be compelled to produce a prepared Rule 30(b)(6) designee.

### 3. The FDIC's Rule 30(b)(6) designee must testify to all facts given to him by the FDIC's counsel.

6       This Court firmly holds that facts a Rule 30(b)(6) witness obtains from counsel are not

7   entitled to protection. *Great Am. Ins. Co. of New* York, 251 F.R.D. at 541. Specifically, "[w]hen

8   a corporation produces an employee under Fed.R.Civ.P. 30(b)(6) to testify to corporate

9   knowledge, the employee must provide responsive underlying factual information even though

10  such information was transmitted through a firm's corporate lawyers." *Id.* (citing *Sprint*

11  *Communications*, 236 F.R.D. at 529). As made clear by the United States Supreme Court, facts

12  communicated to an attorney, even when obtained from an independent source, are not protected

13  by the attorney-client privilege. *See Upjohn Co. v. United States,* 449 U.S. 383, 395-96 (1981);

14  *Hickman v. Taylor,* 329 U.S. at 508 (1947).

15      As the FDIC knows from its prior litigation, it must disclose the facts known to those

16  who generated work product or attorney-client materials. *Butcher*, 116 F.R.D. at 200-01. During

17  Ohlrich's deposition, 26 Flamingo's counsel inquired into how Ohlrich obtained certain "facts"

18  and "opinions." Ohlrich stated that the FDIC's counsel told him those "facts" or "opinions." At

19  which point, the FDIC's counsel objected based on the attorney-client privilege. The FDIC's

20  counsel instructed Ohlrich not to answer the question, to which Ohlrich capitulated and refused

21  to answer the question. Those facts are not protected and must be disclosed.

22      Now the FDIC argues that it will allow its deponent to testify to the source of its facts,

23  but it may still assert the privilege depending on the question itself. This is impermissible and the

24  Court must issue an Order directing the Rule 30(b)(6) witness to respond to any and all questions

25  regarding the facts in its possession and the source thereof.

### 4. The FDIC must produce any documents provided to the Rule 30(b)(6) witness that serve as the factual basis for his knowledge.

28      Ohlrich has no other purpose or role in this litigation aside from being the FDIC's Rule

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

30(b)(6) witness. He was not a percipient witness. He is not directing or influencing the FDIC's litigation strategy. Therefore, any and all documents given to Ohlrich were for the express purpose of the deposition. To the extent that those documents contain any fact that establishes Ohlrich's knowledge of the facts at issue, those documents are discoverable and must be produced. *Great Am. Ins. Co. of New* York, 251 F.R.D. at 541.

Here, Ohlrich received a "file" of information deemed relevant by its counsel in his preparation as the Rule 30(b)(6) witness. In addition, the FDIC's counsel provided its witness with at least a summary of a Community Bank loan officer's deposition.

The FDIC contends that this information is work product and protected by the Attorney-Client privilege. To the extent, however, that these documents served as the factual basis of Ohlrich's knowledge, they are discoverable. *Great Am. Ins. Co. of New* York, 251 F.R.D. at 541. Further, 26 Flamingo is entitled to the documents its counsel provided to the Rule 30(b)(6) designee pursuant to FRE 612(2). *Gucci Am., Inc. v. Costco Companies*, 98 CIV. 5613 RLC FM, 2000 WL 60209, at *4 (S.D.N.Y. Jan. 24, 2000).

In case such as this, where the FDIC's counsel provided its witness with the facts and the witness did no independent inquiry, it is possible and fairly evident that the FDIC's counsel provided a witness who had select knowledge—knowledge that would only further the FDIC's contention. Furthermore, to the extent that 26 Flamingo attacks the sufficiency of Ohlrich's knowledge, it is handicapped to the extent that 26 Flamingo does not know exactly what Ohlrich had access to, and more important what Ohlrich did not have access to. Therefore, the FDIC must produce any and all documents given to Ohlrich.

**5. The FDIC must be sanctioned in 26 Flamingo's favor for its failure to designate a Rule 30(b)(6) witness; and that assertions of privilege unfounded.**

The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). An evasive or incomplete response must be treated as a failure to respond. FRCP 37(a)(4). A party may seek an order compelling discovery if "a corporation or other entity fails to make a designation under Rule 30(b)(6). FRCP 37(a)(3)(B)(ii).

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

23 of 26

1       This Court recognizes "that the failure to produce a Rule 30(b)(6) designee who is

2   adequately educated and prepared to testify on designated topics to bind the corporation amounts

3   to a nonappearance which could warrant the imposition of sanctions." *Great Am. Ins. Co. of New*

4   *York v. Vegas Const. Co., Inc.*, 251 F.R.D. at 542 (citing *Bank of New York*, 171 F.R.D. at 151;

5   *Resolution Trust Corp.*, 985 F.2d at 197; *Taylor*, 166 F.R.D. at 363; *Black Horse Lane Assoc. v.*

6   *Dow Chemical Corp.*, 228 F.3d 275, 303 (3d Cir.2000)).[15]

7       The FDIC's strategy in producing a Rule 30(b)(6) witness was to frustrate 26 Flamingo's

8   discovery efforts. Namely, it produced a profession deponent who had no knowledge of the case,

9   instead of producing one of the dozen or so FDIC employees involved in this matter. The FDIC's

10   counsel then provided the professional deponent with a narrow vein of documents and spent

11   several hours telling the witness the "facts" of the case, all of which was in preparation for the

12   witness to either testify exactly as the FDIC needed him to for its summary judgment motion.

13   When 26 Flamingo asked a question to which the witness had no answer—many of which other

14   FDIC's should have had knowledge—he simply responded he did not know.

15       Now, 26 Flamingo has been forced to bring a motion to compel a prepared witness. This

16   cost likely would have been avoided had the FDIC designated one of its employees who was

17   familiar with the transaction, who verified the FDIC's interrogatories, had been part of the

18   FDIC's transition of Community Bank into receivership, or who had been involved with the

19   collection and production of documents in this matter. Not only does the need to compel a

20   properly prepared Rule 30(b)(6) witness warrant sanctions but the FDIC's deliberate efforts to

21   frustrate discovery warrants further sanctions.

22       The FDIC's counsel also has asserted groundless privileges. As discussed *supra*, the facts

23   given to a Rule 30(b)(6) designee are not privileged, regardless of the source of those facts. Yet,

24   when 26 Flamingo inquired into the facts provided to Ohlrich by Counsel, the FDIC's Counsel

25   asserted the attorney-client privilege and Ohlrich refused to respond to the question on the same

---

26   [15] Reasonable sanctions include: "(1) costs and attorneys' fees incurred in filing a motion to compel; (2) monetary

27   sanctions against the non-complying party and its counsel; (3) an order compelling compliance with Rule 30(b)(6) and requiring an educated deponent to be produced; [and] (4) requiring a corporation to redesignate an adequately

28   prepared witness to testify in the new deposition at the corporation's expense." *Great Am. Ins. Co. of New York*, 251 F.R.D. 534, 542-43 (D. Nev. 2008) (internal citations omitted).

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

24 of 26

basis. (*See generally*, *id.*, at 45:6-21; 45:23-46:7; 46:8-47:24). The FDIC's counsel then received case law setting forth this point from 26 Flamingo. [*See* Dkt. 73]. Then during the recent meet and confer, the FDIC agreed to produce its Rule 30(b)(6) witness to respond to questions it previously asserted a privilege to or otherwise did not respond to, but only on the condition that the FDIC would not commit to whether it would again assert the privilege. (Ex. 1, at ¶12.) Even after 26 Flamingo again stated that it would ask the same exact questions over again, the FDIC still would not agree to withdraw the prior assertion of the privilege. (*Id.* at ¶13). The FDIC's unreasonable position in light of its ability to evaluate the questions and the relevant case law only demonstrates the FDIC's gamesmanship and blatant attempt to increase the cost of litigation. As such, the Court should sanction the FDIC and grant 26 Flamingo attorneys' fees and costs for bringing the present Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

**IV.**

**CONCLUSION**

Based on the foregoing, 26 Flamingo respectfully requests that the Court: 1) Compels the FDIC to designate a prepared Rule 30(b)(6) witness who will provide unevasive and knowledgeable responses to designated categories of inquiry, 2) Compels the FDIC to produce all communications and documents used to prepare the Rule 30(b)(6) witness; and 3) Sanctions the FDIC in the amount of 26 Flamingo reasonable fees and costs associated with the FDIC's Rule 30(b)(6) deposition, as well as the present motion.

DATED this 20ᵗʰ day of June, 2013.

GORDON SILVER

ERIC R. OLSEN
Nevada Bar No. 3127
JOEL Z. SCHWARZ
Nevada Bar No. 9181
DYLAN T. CICILIANO
Nevada Bar No. 12348
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555

BROWNSTEIN HYATT FARBER SCHRECK
KIRK LENHARD
Nevada Bar No. 1437
Email: KLenhard@BHFS.com
ALISA NAVE-WORTH
Nevada Bar No. 9272
Email: ANave-Worth@BHFS.com
100 N. City Parkway, #1600
Las Vegas, NV 89106
Tel: (702) 464-7045

LAW OFFICES OF GLENN WARD CALSADA
GLENN WARD CALSADA
California Bar No. 134589
*Admitted Pro Hac Vice*
9924 Reseda Boulevard
Northridge, CA 91324
Tel: (818) 477-0314

*Attorneys for Defendant/Counterclaimant 26 Flamingo, LLC*

Gordon Silver
Attorneys At Floor
Ninth Floor
1960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103239-001/1968236

26 of 26