UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>26 FLAMINGO, LLC, et al.,<br><br>　　　　　　Defendants. | Case No. 2:11-cv-01936-JCM-NJK<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS TO COMPEL AND FOR SANCTIONS<br><br>(Docket Nos. 87-91) |

Pending before the Court are five discovery motions filed by Defendant 26 Flamingo, LLC ("Defendant"). The first group of motions seek to compel the Federal Deposit Insurance Corporation ("FDIC") to produce additional documents in the FDIC's possession, including Community Bank of Nevada communications, as well as sanctions for the FDIC's failure to produce and/or preserve such documents. Docket Nos. 87-88. The FDIC filed a response in opposition and Defendant filed a reply. Docket Nos. 92, 95.

Also before the Court is Defendant's motion to compel and for sanctions with respect to the Rule 30(b)(6)[1] deposition of the FDIC. Docket Nos. 89-91. The FDIC filed a response in opposition and Defendant filed a reply. Docket Nos. 93, 96.

The Court initially set these motions for hearing, but vacated the hearing as the Court finds the motions properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motions are hereby **GRANTED** in part and **DENIED** in part.

---

[1] Unless otherwise stated, all references to "Rules" refer to the Federal Rules of Civil Procedure.

## I. BRIEF OVERVIEW

On or about October 11, 2005, non-parties to this suit, Dynasty Towers, LLC and Outback Steakhouse entered into a purchase agreement.[2] The purchase agreement related to the sale and development of property located at 3695 West Flamingo Road, Las Vegas, NV 89103. Outback sold Dynasty the subject property for the purpose of constructing a multi-tower high rise condominium project.

On or about March 7, 2008, Dynasty executed a deed of trust with Community Bank of Nevada ("Community Bank deed of trust") in order to obtain a $6.6 million loan from the bank. This deed encumbered the subject property.

The purchase agreement was amended twice. The second amendment took place on or about April 4, 2008. This amendment increased the purchase price, extended the plan approval date, reduced the payment in lieu of condominium unit from $5 million to $4 million, and provided for a second priority deed of trust to secure payment of the payment in lieu of condominium unit and other amounts due under the purchase agreement. In April 2008, Dynasty granted Outback the second deed of trust; this deed secured Dynasty's obligations. On April 4, 2008, through a Grant, Bargain, Sale Deed ("GBS deed"), Outback conveyed title to the subject property to Dynasty. The GBS deed incorporated the purchase agreement and the two related amendments. The Community Bank deed of trust, the Outback deed of trust, and the GBS deed were all recorded at the same time on April 4, 2008.

On or about November 13, 2008, Community Bank recorded a notice of default and on March 2, 2009, Community Bank recorded notice of trustee's sale. On March 24, 2009, Outback recorded a notice of covenant running with the land ("notice of covenant"). On August 14, 2009, Community Bank closed and plaintiff was appointed receiver. On this same day, the FDIC issued a press release and notice of Community Bank's closure. On February 2, 2010, plaintiff acquired title to the subject property through a trustee sale authorized under the Community Bank deed of trust.

---

[2] Much of the background information provided herein is taken from the Court's order denying summary judgment. Docket No. 53.

On May 27, 2011, 26 Flamingo, LLC was created. On September 9, 2010, Outback became entitled to the payment in lieu of condominium unit of $4 million. On June 26, 2011, Outback assigned by quitclaim deed all rights, title, and interest in the notice of covenant, payment in lieu of condominium unit, covenant in the GBS deed, and the Outback deed of trust to Defendant.

On June 20, 2011, Defendant notified Plaintiff of the assignment and demanded that the FDIC pay defendant $4 million for payment in lieu of condominium unit. On December 21, 2011, the FDIC filed the instant case seeking declaratory relief. Docket No. 1. On January 13, 2012, Defendant filed counterclaims for declaratory relief and specific performance. Docket No. 8.

On September 20, 2012, the Court denied the parties' cross-motions for summary judgment. Docket No. 53. The Court determined that the parties "each rely on differing interpretations of the relevant instruments to support the desired outcome of the case. Without evidence providing insight as to the intent of the drafting parties or evidence supporting either party's interpretation of the relevant documents, this court must deny each party's motion for summary judgment." *Id.* at 10.

Discovering that information has spawned numerous disputes between the parties. The first discovery dispute currently before the Court relates to the long-running feud regarding Defendant's contention that the FDIC is "hiding the ball" with respect to certain documents, including communications of Community Bank. The second dispute currently before the Court relates to the adequacy of the FDIC's Rule 30(b)(6) deponent, David Ohlrich, and the propriety of certain objections raised at that deposition. The Court addresses each dispute in turn below.

## II.     DOCUMENT PRODUCTION DISPUTE

Although the parties submitted voluminous papers on their dispute as to the adequacy of the FDIC's document production, the crux of the dispute is straightforward: the FDIC contends that it has produced all responsive documents in its possession, custody or control, while Defendant contends that the production was obviously deficient and the FDIC either failed to properly search for the responsive documents or did not properly preserve responsive documents. The Court has reviewed the entirety of the materials submitted and concludes that further searching and/or production of documents is required.

### A. STANDARDS

Parties are required to produce documents that are in their "possession, custody, or control." Rule 34(a)(1). "[A] party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or other subject to its control." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (internal quotations and citations omitted). A reasonable inquiry requires, "at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the [party] potentially possessing responsive information, and to account for the collection and subsequent production of the information to [the opposing party]." *Id.* (quoting *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556 (N.D. Cal. 1987)). "An earmark of a recipient's inadequate inquiry is the obvious absence of documents and other written materials that the recipient reasonably would be expected to have been retained in the ordinary course of its business." *Meeks v. Parsons*, 2009 WL 3003718, *4 (E.D. Cal. Sept. 18, 2009) (citing *A. Farber & Partners*, 234 F.R.D. at 189).

Where a party asserts that it does not have responsive documents, it must come forward with an explanation of the search conducted "with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012). Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive documents. *See Meeks*, 2009 WL 3003718, *4 (citing *A. Farber & Partners*, 234 F.R.D. at 190).

### B. ANALYSIS

As noted above, the FDIC asserts that it has conducted a diligent inquiry to search for responsive documents and has produced all documents in its possession, custody and control. *See* Docket No. 92 at 5 (citing Docket No. 77-7 ("Rivard Decl.")); *see also id.* at 13 (same). The declaration submitted by the FDIC, however, provides only vague details regarding the inquiry undertaken and is insufficient to show that the FDIC undertook a reasonable inquiry. First, it asserts on "information and belief" that previous searches were undertaken that located responsive documents that were produced. *See* Rivard Decl. ¶ 3. It fails to provide any detail whatsoever regarding those searches, however. *Id.* Second, it asserts that an additional search was performed to

determine if additional responsive documents exist. *Id.* at ¶ 4–6. That search consisted of identifying various terms used to "search the system." *Id.* at ¶ 5. It does not provide details about the "system" searched, why the FDIC did not search other sources of documents, when the search was performed, or even whether the documents in the "system" are in searchable format. *Id.* at ¶¶ 4-6. The lack of the last detail is particularly troubling because the declaration concludes by indicating that "[t]he results of the searches yielded zero documents," *id.* at ¶ 7, notwithstanding that the search terms should have retrieved at least some documents already known to the parties.[3]

In short, the FDIC has failed to show that it conducted a reasonable inquiry and exercised due diligence. Moreover, the Court agrees with Defendant that some additional, responsive documents should exist in the FDIC's possession, custody or control beyond what was produced by the FDIC. *See, e.g.*, Docket No. 87, Exh. 2 at 24, 47-48 (deposition testimony of Community Bank loan officer regarding use of email). Accordingly, the motion to compel (Docket No. 87) is **GRANTED**. No later than September 4, 2013, the FDIC shall conduct a reasonable inquiry and exercise due diligence in searching for responsive documents, and shall produce by that date any additional responsive documents found.[4] Also, no later than September 4, 2013, the FDIC shall provide to Defendant a description of the efforts undertaken to locate responsive documents in declaration form. That declaration shall be sufficiently detailed for the Court to determine (if necessary) whether a reasonable inquiry was undertaken.

//

---

[3] The FDIC argues that the declaration does not actually mean what it says. Instead, the FDIC argues that the declaration "confirms that the results of the additional search for documents by the FDIC resulted in zero *additional* documents." *See* Docket No. 92 at 9 (emphasis in original). The declaration "confirms" no such thing. It states unambiguously that the search "yielded zero documents."

The FDIC similarly appears to argue that the search did not reveal any relevant and/or responsive documents. *See* Docket No. 92 at 14. But, again, Mr. Rivard did not state that the search revealed some documents, that those documents were then reviewed, and that they were not produced because they were not relevant and/or responsive. He states very clearly that the search "yielded zero documents."

[4] The Court strongly encourages the parties to confer regarding the search to be conducted.

### C.  SPOLIATION SANCTIONS

In addition to its motion to compel, Defendant also seeks sanctions against the FDIC for spoliation of evidence. *See, e.g.*, Docket No. 87 at 18. In light of the fact that the Court is granting Defendant's motion to compel, the Court **DENIES** without prejudice the request for spoliation sanctions. Defendant may renew that motion following the completion of the additional discovery ordered herein.

## III.  RULE 30(B)(6) DEPOSITION DISPUTE

In addition to the parties' dispute regarding the FDIC's production of documents, the Court also has before it a dispute regarding the sufficiency of the FDIC's Rule 30(b)(6) deponent. The Court has reviewed the entirety of the materials presented and concludes that the FDIC must provide a Rule 30(b)(6) deponent for further examination.

### A.  STANDARDS

Rule 30(b)(6) provides, in pertinent part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

Rule 30(b)(6). The purpose of the rule is to streamline the discovery process. *Great Am. Ins. Co. Of N.Y. v. Vegas Const. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008). In particular, the testimony of a Rule 30(b)(6) deponent represents the knowledge of the organization rather than the knowledge of the individual deponent. *Id.* As such, the served party is required "to prepare [the Rule 30(b)(6) deponent] to fully and unevasively answer questions about the designated subject matter." *Id.* at 539. The deponent must be "thoroughly educated . . . about the noticed deposition topics and facts known to the corporation or its counsel." *Id.* As part of that requirement, the party "must prepare [the] deponent[] by having [him or her] review prior fact witness deposition testimony as well as documents and deposition exhibits." *Id.* at 539.

One central determination of the adequacy of a Rule 30(b)(6) deponent's testimony is whether the deponent was prepared to testify "as to the matters known or reasonably available to the

1  organization." *See* Rule 30(b)(6).  A significant aspect of the briefing on the pending motion
2  addresses, in essence, what information is reasonably available to the FDIC given that it appears in
3  this action as a receiver of Community Bank and was not involved in the underlying transaction.
4  "That the [FDIC] had no involvement with [Community Bank] before its failure does not, standing
5  alone, relieve it of its obligations to designate a Rule 30(b)(6) deponent." *See F.D.I.C. v. Wachovia*
6  *Ins. Servs., Inc.*, 2007 WL 2460685, *2 (D. Conn. Aug. 27, 2007).  Instead, "a corporation like the
7  FDIC must make a conscientious good-faith endeavor to designate the persons having knowledge of
8  the matters sought by [the discovering party] and to prepare those persons in order that they can
9  answer fully, completely, unevasively, the questions posed by [the discovering party] as to the
10 relevant subject matters." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 199 (E.D. Tenn. 1986) (internal
11 citation and quotation omitted).  At the same time, however, the information "reasonably available"
12 to the FDIC is impacted by the fact that it was not involved with Community Bank during the
13 relevant events. *See Wachovia*, 2007 WL 2460685, *3 (the FDIC's "lack of pre-failure involvement
14 with [the bank in receivership] does bear on the reasonableness of the scope of the discovery that
15 has been requested"); *see also Goldstein v. F.D.I.C.*, 2013 U.S. Dist. Lexis 72978, * 6-7 (D. Md.
16 May 23, 2013) (denying motion to compel Rule 30(b)(6) topics on information for bank in
17 receivership for which the FDIC had no knowledge other than information obtained from documents
18 produced in discovery).[5]

19 **B.    ANALYSIS**

20 With that background in mind, the Court turns to the arguments raised by Defendant.
21 Defendant makes two overarching arguments.  First, Defendant argues that the Rule 30(b)(6)
22 deponent was not adequately prepared and/or did not adequately answer questions.  Second,
23 Defendant argues that the FDIC's counsel improperly asserted privilege objections to questions at
24 the deposition and improperly raised work-product objections in refusing to produce the documents
25 reviewed by the Rule 30(b)(6) deponent in preparing for the deposition.

---

[5] Defendant's reply mistakenly cites to *Goldstein v. F.D.I.C.*, 2013 WL 2257099 (D.D.C. May 23, 2013).  *See* Reply at 7 n.3.

### 1. **Compelling a Properly Prepared Deponent**

The FDIC's Rule 30(b)(6) deponent, Mr. Ohlrich, was not a percipient witness to the underlying transaction. *See, e.g.*, Docket No. 89, Exh. 1 at ¶ 5. Mr. Ohlrich testified that he prepared for the Rule 30(b)(6) deposition by speaking with counsel three times, including for approximately four hours the day before the deposition. *See* Docket No. 89, Exh. 5 at 47-50. That preparation included reviewing the loan file and some of the filings in the case. *See id.* at 43; *see also id.* at 51, 86-87, 91-92. He also reviewed deposition summaries prepared by counsel. *See id.* at 54. Mr. Ohlrich did not speak with any current or former FDIC or Community Bank employees, did not request email communications, and did not request documents archived with Iron Mountain. *See id.* at 31-32, 37, 38, 55-56, 58-59, 63-64, 90.

Defendant highlights instances in which Mr. Ohlrich appeared unable to provide meaningful responses to Defendant's questions. *See, e.g.*, Docket No. 89 at 10-13. The Court agrees as a general matter that Mr. Ohlrich was not adequately prepared for the Rule 30(b)(6) deposition, but also finds some of Defendant's contentions to be unpersuasive.

####         a.        Reliance on Documents Alone

Defendant argues that the FDIC improperly relied on documents as representative of the FDIC's position. *See* Docket No. 89 at 16-17. A party served with a Rule 30(b)(6) deposition notice cannot simply elect to respond by providing written answers. *See, e.g.*, *Louisiana Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012). "Similarly, in responding to a Rule 30(b)(6) notice . . ., a corporation may not take the position that its documents state the company's position." *Great American*, 251 F.R.D. at 539 (citing *In re: Vitamins Antitrust Litig.*, 216 F.R.D. 168, 172, 174 (D.D.C. 2003)); *see also Kelly v. Provident Life & Acc. Ins. Co.*, 2011 WL 2448276, *3 (S.D. Cal. June 20, 2011) ("Corporations are not entitled to declare themselves mere document-gatherers"). Instead, the deponent must provide the organization's "interpretation of events and documents." *Louisiana Pacific*, 285 F.R.D. at 486. "If a corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, it is its officers, employees, agents or others who must present the position, give reasons for the position, and, more importantly, stand subject to cross-examination." *Id.* at 487.

Defendant argues that the Rule 30(b)(6) deponent reviewed few if any of the relevant documents and testified that they speak for themselves. *See* Docket No. 89 at 17. Defendant further argues that the FDIC's counsel similarly indicated that the documents speak for themselves. *Id.*; *see also* Schwartz Decl. ¶ 6. In response, the FDIC argues that its contentions are already clearly articulated in its pending motion for summary judgment. Docket No. 93 at 14.

The Court agrees with Defendant. A Rule 30(b)(6) deponent must explain the organization's interpretation of the documents, give the reasons for the interpretation, and stand subject to cross-examination. *See, e.g.*, *Louisiana Pacific*, 285 F.R.D. at 486-87. The FDIC may not relieve itself from that obligation by merely pointing to legal briefs prepared by counsel or by stating that documents speak for themselves.[6]

The motion to compel is therefore **GRANTED** with respect to assertions by the FDIC's Rule 30(b)(6) deponent that the documents speak for themselves. Instead, the Rule 30(b)(6) deponent must sufficiently review the relevant documents so that he may explain the FDIC's interpretation of the documents, give the reasons for the interpretation, and stand subject to cross-examination.

### b. Limitation of Testimony to Period in which the FDIC was Receiver

The next dispute between the parties is the extent to which the FDIC's Rule 30(b)(6) witness must testify as to the knowledge of Community Bank. For example, Defendant argues that the Rule 30(b)(6) deponent failed to sufficiently review documents and to seek out Community Bank's knowledge through current and former employees. *See* Docket No. 89 at 17-22. The FDIC counters that it is not required to provide a Rule 30(b)(6) deponent regarding the pre-failure conduct of Community Bank. *See* Docket No. 93 at 15-17 (discussing *Goldstein v. FDIC*, 2013 U.S. Dist. Lexis 72978 (D. Md. May 23, 2013)). The FDIC further argues that Defendant already deposed percipient witnesses, such as Community Bank's loan officer and ex-President. *See id.* at 16. In reply, Defendant contends that the percipient witness depositions were not useful because the

---

[6] The FDIC also quotes from the deposition transcript an instance in which Defendant's counsel states: "I'm very well familiar with what the FDIC's position is." *See* Docket No. 93 at 15; Docket No. 93, Exh. 2 at 80. The Court is not persuaded that this quotation evidenced a lack of desire by Defendant to question the Rule 30(b)(6) deponent about the FDIC's interpretation of the evidence in this case.

9

deponents generally lacked a recollection of the relevant events. *See* Docket No. 96 at 9-10.

As noted above, the FDIC is not relieved of its obligations to designate a Rule 30(b)(6) deponent simply because it is a bank's receiver, but its lack of pre-failure involvement does bear on the reasonableness of the deposition topics related to pre-failure transactions. *See Wachovia Ins. Servs.,* 2007 WL 2460685, at *2, *3.

The first objection raised by Defendant is that the FDIC must interview "ex-employees in order to obtain their knowledge." Docket No. 89 at 19. The Court finds requiring the FDIC to interview ex-employees to obtain the knowledge of Community Bank to be unreasonable. Defendant deposed several percipient witnesses to the underlying transaction, including the loan officer and ex-President, and represents to the Court that these percipient witnesses generally had little or no recollection as to the knowledge of Community Bank regarding that transaction. *See* Docket No. 96 at 10. The FDIC as receiver is in no better position than Defendant was to "obtain the knowledge" of any ex-employees regarding the underlying transaction. The Court therefore concludes that requiring the FDIC to prepare a Rule 30(b)(6) witness as to ex-employees' knowledge of the underlying transaction is unreasonable.

The Court agrees with Defendant, however, with respect to the need for the FDIC to provide a Rule 30(b)(6) deponent who can testify as to the documents relevant to the knowledge and intent of Community Bank. The FDIC took over custody of Community Bank's files when it became the receiver. *See, e.g.*, Docket No. 89, Exh. 5 at 30-31, 38-39, 49-50. Defendant is entitled to depose the FDIC's Rule 30(b)(6) deponent as to the parties' intent evidenced by those documents (if any) and/or the FDIC's interpretation of those documents. *See, supra*, Section III.B.1.a. Similarly, the FDIC must interview those current employees with knowledge of the loan at issue, *see, e.g.*, Docket No. 89 at 9 (identifying employees), and prepare the Rule 30(b)(6) deponent to testify as to information derived therefrom regarding Community Bank's knowledge.

In light of the above, the Court **ORDERS** the FDIC to redesignate a Rule 30(b)(6) deponent who is fully prepared to testify as to the properly noticed deposition topics. Whether the FDIC designates Mr. Ohlrich or another deponent is the FDIC's decision, but the deponent must be designated in good faith and must be properly prepared to testify in accordance with the guidelines

set out in this order.[7]

### B. Privilege and Work-Product Issues

The parties next dispute whether Mr. Ohlrich was required to answer questions as to the facts conveyed to him by counsel through oral communications and to produce deposition summaries protected as attorney work-product. *See, e.g.*, Docket No. 89 at 22-23. The crux of Defendant's position is that it needs to have that information to determine whether Mr. Ohlrich was given sufficient factual information to testify on the FDIC's behalf. *See, e.g.*, Docket No. 96 at 11-12 ("If his testimony was based on select segments that the FDIC's counsel determined were most beneficial to its case, it can hardly be said that his knowledge encompassed that of the FDIC's, as opposed to what counsel wanted him to know.") For the reasons discussed above, however, the Court is ordering that the FDIC provide a more properly-prepared Rule 30(b)(6) deponent. Accordingly, the privilege and work-product issues appear to be moot.[8]

### C. Sanctions

Defendant next argues that sanctions be imposed against the FDIC. *See* Docket No. 89 at 23-25. It appears that Defendant seeks, in particular, costs and attorneys' fees. *See id.* at 25. It

---

[7] The FDIC asks the Court to specifically delineate which documents need to be reviewed by the Rule 30(b)(6) deponent prior to any additional deposition. *See* Docket No. 93 at 16. The Court declines to do so and, instead, expects the FDIC to make that determination consistent with the guidance provided in this order.

[8] The Court further notes that the briefing on these issues was not well-developed. For example, Defendant failed to sufficiently address whether the questions regarding attorney-client communications actually sought "underlying facts" rather than communications regarding the underlying facts. *See, e.g.*, *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981) ("[t]he privilege . . . protects disclosure of communications; it does not protect disclosure of the underlying facts. . . . A fact is one thing and a communication concerning the fact is an entirely different thing"). With respect to the attorney work-product, Defendant fails to cite any authority holding that documents used to prepare a Rule 30(b)(6) deponent are discoverable. Defendant cites to Federal Rule of Evidence 612 but fails to explain how it applies to a Rule 30(b)(6) deponent who used the document to obtain facts rather than refresh his recollection. *Cf. United States v. 22.80 Acres of Land*, 107 F.R.D. 20, 25 (N.D. Cal. 1985) (analyzing Rule of Evidence 612 for document reviewed pre-deposition where the deponents expressly testified that their memories were refreshed by reviewing document). Defendant also fails to provide meaningful discussion as to why disclosure under Federal Rule of Evidence 612 is in the interest of justice based on the standards articulated in relevant authority. *See id.*

does not appear, however, that sanctions are appropriate here. An award of reasonable expenses is proper unless the failure was substantially justified. Rule 37(d)(3). Substantial justification exists where reasonable minds could differ. *See, e.g.*, *Herb Reed Enterps., Inc. v. Monroe Powell's Platters, LLC*, 2013 WL 3642531, *1 (D. Nev. July 11, 2013) (citing *American Gen. Life Ins. Co. v. Futrell*, 2012 WL 4962997, *1 (D. Nev. Oct. 16, 2012)). Although the Court finds on the whole that Defendant's positions are more meritorious, the Court finds that substantial justification exists. Therefore, the Court concludes that reasonable expenses should not be awarded for the motion to compel regarding the Rule 30(b)(6) deposition.

### IV. CONCLUSION

For the reasons discussed above, the motions pending before the Court are **GRANTED** in part and **DENIED** in part. In particular, the Court rules as follows:

- Defendant's motion to compel the production of documents (Docket No. 87) is **GRANTED**. No later than September 4, 2013, the FDIC shall conduct a reasonable inquiry and exercise due diligence in searching for responsive documents, and shall produce by that date any additional responsive documents found. Also, no later than September 4, 2013, the FDIC shall provide to Defendant a declaration describing the efforts undertaken to locate responsive documents.

- Defendant's motion for spoliation sanctions (Docket No. 88) is **DENIED** without prejudice.

- Defendant's motion to compel a further Rule 30(b)(6) deposition (Docket No. 89) is **GRANTED** in part and **DENIED** in part. The further Rule 30(b)(6) deposition shall occur no later than October 4, 2013.

- Defendant's motion to compel documents reviewed by Mr. Ohlrich (Docket No. 90) is **DENIED** as moot.

- Defendant's request for sanctions for the motion to compel related to the Rule 30(b)(6) deposition (Docket No. 91) is **DENIED**.

- In light of the additional discovery ordered herein, the Court hereby **EXTENDS** the dispositive motion deadline to November 4, 2013.

1  On a final note, the Court reminds the parties that "[d]iscovery is supposed to proceed with
2  minimal involvement of the Court." *Butcher*, 116 F.R.D. at 203.  "It is regrettable that counsel for
3  the parties and/or the parties themselves have so much difficulty cooperating with discovery and the
4  Court is often called upon to spell out detailed rights and responsibilities."  *Id.*  The Court expects
5  better cooperation between counsel and anticipates that any future disputes regarding the discovery
6  ordered herein should be resolved by counsel.  Counsel should seek judicial intervention only as a
7  last resort after thoroughly discussing the dispute.  *See, e.g.*, *F.D.I.C. v. 26 Flamingo, LLC*, 2013
8  WL 2558219, * 1 (D. Nev. June 10, 2013).

IT IS SO ORDERED.

DATED: August 1, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge